UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven Jay RADMALL, Defendant–
Appellant.

No. 02–10341.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2003.

Filed Aug. 15, 2003.

Shawn Halbert, Lara S. Vinnard, Assistant Federal Public Defenders, San Francisco, CA, for the defendant-appellant.

Peter B. Axelrod, Miranda Kane, Assistant United States Attorneys, San Francisco, CA, for the plaintiff-appellee.

Before CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

## OPINION

CANBY, Circuit Judge:

Defendant Steven Jay Radmall pleaded guilty to mail fraud (count I), bank fraud (count II), and perjury (count III). He was sentenced to 42 months' imprisonment on count I, and concurrent terms of 12 months on counts II and III, with a five-year term of supervised release. In an earlier appeal, his conviction on count I was reversed, and his case remanded for resentencing. *See United States v. Radmall*, 246 F.3d 678, 2000 WL 1888823 (9th

Cir.2000) (unpublished). On resentencing, the district court sentenced him to 42 months on count II and a concurrent 12 months on count III, with five years supervised release.[1] Radmall now appeals, contending that increasing his sentence on count II from 12 to 42 months violated the Double Jeopardy Clause. He also appeals the district court's denial of leave to withdraw his guilty plea to counts II and III. We affirm the judgment of the district court.

## I. PROCEDURAL BACKGROUND

This is Radmall's third appeal. He appealed his original sentence and it was affirmed. *See United States v. Radmall*, 152 F.3d 931, 1998 WL 399626 (9th Cir. 1998) (unpublished). Radmall then collaterally attacked his conviction and sentence in the district court pursuant to 28 U.S.C. § 2255, alleging that he had received ineffective assistance of counsel with respect to count I because his counsel failed to inform him of a viable statute of limitations defense to the mail fraud charge. Radmall requested that the court overturn his conviction and sentence on count I, and deem him to have completed his concurrent 12–month sentences on counts II and III by virtue of the twenty-one months that he had already spent in prison. The district court denied relief.

Radmall moved for reconsideration in the district court. The district court denied the motion, and Radmall appealed. We overturned his conviction on count I, finding that counsel was ineffective in failing to discover a statute of limitations defense. We rejected, however, Radmall's claims that there was insufficient evidence to support count II and that he had ineffective assistance of counsel with regard to

1. Radmall was also ordered to pay restitution of $154,629. This element of his sentence does not affect our analysis.

his plea of guilty on count III; we held that Radmall waived his claims with respect to counts II and III because he failed to raise them in timely fashion in the district court. *Radmall,* 2000 WL 1888823 at *1. We remanded to the district court for further proceedings. *Id.*

By the time of resentencing, Radmall had served his entire 42–month term of imprisonment and was on supervised release. He moved under Fed.R.Crim.P. 32(e) to withdraw his plea on counts II and III, claiming that he pleaded guilty on those counts only because he also was pleading guilty to count I. Radmall asserted that he would not have pleaded guilty to counts II and III had he known that the statute of limitations had already run on count I. The district court denied the motion, ruling that Radmall had waived these claims by not raising them in his direct appeal or his § 2255 motion.[2]

At resentencing, Radmall urged the district court to adhere to its earlier concurrent sentences of 12 months on counts II and III. The district court, however, sentenced Radmall to 42 months (already served) on Count II, noting that it would have originally imposed this sentence on count II if there had never been a count I. The sentence on count III remained at 12 months, to run concurrently, and the term of supervised release remained at five years. Radmall now appeals.

## II. DOUBLE JEOPARDY

 Radmall argues that the district court's decision to resentence him from 12 months to 42 months on count II violated the guarantee against double jeopardy.[3] The Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments for the same offense. *See United States v. DiFrancesco,* 449 U.S. 117, 127–28, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Application of the Clause to resentencing has become a rather intricate matter. The imposition of a new sentence constitutes a second punishment only if Radmall had a legitimate expectation of finality of his original sentence by the time the new sentence was imposed. *See Stone v. Godbehere,* 894 F.2d 1131, 1135 (9th Cir.1990).[4] Completion of a sentence ordinarily creates such a legitimate expectation of finality. *See United States v. Andersson,* 813 F.2d 1450, 1461 (9th Cir.1987).

It is not at all clear that Radmall had completed serving his sentence on count II at the time of resentencing, however, because he was still serving his term of supervised release. Supervised release is imposed as "part of the sentence." 18 U.S.C. § 3583(a). Several circuits accordingly have held that a defendant has no legitimate expectation of finality until completion of supervised release. *See United States v. Alton,* 120 F.3d 114, 116 (8th Cir.1997); *United States v. Benbrook,* 119 F.3d 338, 340–41 (5th Cir.1997); *United States v. Rico,* 902 F.2d 1065, 1068 (2d

---

2. The district court also held that the motion for withdrawal failed on the merits under the requirement of "manifest injustice" set forth in *United States v. Nagra,* 147 F.3d 875, 880 (9th Cir.1998). Because we affirm on the ground of waiver, we do not address Radmall's contention that the district court erred in applying the *Nagra* standard.

3. As a threshold matter, we conclude that Radmall's double jeopardy claim is not moot even though he has already completed his 42

months of incarceration. Should Radmall succeed on appeal, the district court would have discretion to decrease the term of supervised release that he is currently serving. *See United States v. Verdin,* 243 F.3d 1174, 1178–79 (9th Cir.2001).

4. We review de novo the question whether double jeopardy bars resentencing of a defendant. *See United States v. Ruiz–Alvarez,* 211 F.3d 1181, 1185 (9th Cir.2000).

Cir.1990). The Seventh Circuit, however, has held to the contrary. *See United States v. Daddino,* 5 F.3d 262, 265 (7th Cir.1993). We need not resolve this question, however, because there is another reason why Radmall had no legitimate expectation of finality of his 12–month sentence on count II.

■ Under the regime of the Sentencing Guidelines, Radmall's original sentence constituted a single "package" reflecting his overall offense conduct rather than separate and independent sentences on each count. *United States v. Handa,* 122 F.3d 690, 692 (9th Cir.1997). In such packaging, the degree to which each offense contributes to the total sentence is usually affected by the other offenses of conviction. *See* U.S.S.G. § 3D1.4. This packaging effect is quite apparent in the present case; had there been no count I, the district court would have sentenced Radmall to 42 months on count II in order to bring the total sentence within the Guideline range. Accordingly, when Radmall appealed his conviction and sentence on count I, he was prevented from gaining a legitimate expectation of finality on his sentence for count II. *See United States v. McClain,* 133 F.3d 1191, 1194 (9th Cir. 1998). The interrelationship between Radmall's sentences on the separate counts meant that his "expectations regarding finality ... can relate only to his entire sentence, not the discrete parts." *Id.See also Alton,* 120 F.3d at 116; *Benbrook,* 119 F.3d at 340.[5]

Radmall's resentencing accordingly did not violate the Double Jeopardy Clause. When one portion of his multi-count sentence was set aside, the entire sentencing package became "unbundled." The district court was entitled to put together a wholly new sentence, even for the counts concerning which there had been no error. *Handa,* 122 F.3d at 692; *United States v. Barron,* 172 F.3d 1153, 1160 (9th Cir.1999) (en banc). We therefore reject Radmall's constitutional challenge.

### III. PLEA WITHDRAWAL

■ Prior to resentencing, Radmall moved to withdraw his plea on counts II and III because of the ineffective assistance of counsel he received in connection with count I. Radmall asserted that there was insufficient evidence to support convictions for counts II and III and that he pleaded guilty only because he was already facing a similar sentence on count I. Radmall asserted that, had he known about the valid defense to count I, he would not have pleaded guilty to counts II and III. The district court denied the motion, concluding that its claims had been waived.

The district court was correct. In his second appeal to this court, from denial of his § 2255 motion, Radmall tried to raise challenges to his pleas to counts II and III, arguing ineffectiveness of counsel and insufficiency of evidence. We stated that "[w]e will not address these contentions because Radmall failed to raise these is-

---

**5.** The primary case relied upon by Radmall, *United States v. Arrellano–Rios,* 799 F.2d 520 (9th Cir.1986), does not dictate a contrary result. In *Arrellano–Rios,* we held that the defendant had a legitimate expectation of finality with regard to sentences on two counts that he had already served, when we reversed a consecutive five-year sentence on a third count. *See id.* at 524–25. As we pointed out in *McClain,* 133 F.3d at 1194, however, *Arrellano–Rios* was a pre-Guidelines case. There

was accordingly no necessary relation between the separate sentences on each count. As a result, *Arrellano–Rios* "never ... had any reason to question that his sentences on those counts would be fully served by incarceration for one year." *Arrellano–Rios,* 799 F.2d at 524. Here, with the sentence on each count dependent on the sentence for the others, Radmall had every reason to question finality when he appealed the judgment on one count.

sues before the district court." *Radmall,* 2000 WL 1888823 at *1. The district court accordingly did not err in ruling that, by not raising his challenges to his pleas to counts II and III on direct appeal or in his § 2255 motion, he had waived them. *See United States v. Nagra,* 147 F.3d 875, 882 (9th Cir.1998) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter.") (citation omitted).

Radmall argues that he had no reason to challenge counts II and III until his count I conviction was overturned because reversal on counts II and III would not have affected his sentence in light of his count I conviction. Radmall, however, is not entitled to hold issues back for a string of appeals; implicit in the *Nagra* rule is the requirement that he assert all of his available claims on his direct appeal or first collateral attack. Nothing prevented Radmall from raising these issues in one of these proceedings. Radmall cannot now use the serendipitous fact of reversal on count I to refashion his defaulted claims on counts II and III as a motion to withdraw his plea. *See United States v. Morris,* 259 F.3d 894, 898 (7th Cir.2001) ("parties cannot use the accident of remand to reopen waived issues"). Therefore, the district court properly concluded that Radmall's plea withdrawal claim was waived.

## IV. CONCLUSION

The judgment of the district court is

**AFFIRMED.**