MEMORANDUM *
Defendant-Appellant Thomas Romero Reyes (“Reyes”) pled guilty to making a false statement in a bankruptcy proceeding in violation of 18 U.S.C. § 152(3). Reyes challenges the district court’s two-point enhancement of his sentence for obstruction of justice pursuant to the United States Sentencing Guidelines (“U.S.S.G.”) under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Reyes also challenges the district court’s imposition of a condition of supervised release that requires him to submit his “person and property to search and seizure at any time of the day or night by any law enforcement officer with or without a warrant.”
We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacated submission pending the United States Supreme Court’s decision in United States v. Booker, — U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Although Reyes has been released from prison, because he challenges the district court’s imposition of a special condition of supervised release, Reyes’ appeal is not moot. See United States v. Radmall, 340 F.3d 798, 800 n. 3 (9th Cir.2003). We vacate the district court’s imposition of the special condition of supervised release and remand.
I.
Reyes argues that the district court erred in imposing the warrantless search *8 condition of supervised release because the court did not state clearly on the record its reasons for imposing the conditions. In the alternative, he argues that the condition is overbroad, not reasonably related to his offense of conviction or history, and “involves a greater deprivation of liberty than is reasonably necessary to protect the public.”
Because Reyes did not raise this issue before the district court, we review for plain error. United States v. Ameline, 409 F.3d 1073, 1077-78 (9th Cir.2005) (en banc). To warrant relief, we must find “(1) error, (2) that is plain, and (3) that affects substantial rights.” Id. (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). If all three conditions are met, we may only correct an error not raised at trial if it “seriously affects the fairness, integrity or public reputation of the judicial proceedings.” Johnson v. United States, 520 U.S. 461, 469-70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).
Although a district court has broad discretion in setting conditions of supervised release, United States v. Williams, 356 F.3d 1045, 1052 (9th Cir.2004), any such condition must involve no greater deprivation of liberty than is reasonably necessary to achieve the sentencing purposes of deterrence, protection of the public, and rehabilitation of the offender. 18 U.S.C. § 3583(d); United States v. Wise, 391 F.3d 1027, 1031 (9th Cir.2004). The district court is required to “state in open court the reasons for its imposition of the particular sentence!)]” 18 U.S.C. § 3553(c). Where a discretionary supervised release condition is “an unusually serious infringement of liberty,” the district court must make an “explicit, specific finding” that it involves “no greater deprivation of liberty than is reasonably necessary” to achieve the sentencing purposes of deterrence, protection of the public, and correctional treatment. Williams, 356 F.3d at 1055-56 (citing 18 U.S.C. § 3583(d)(2)).
The condition of supervised release which required Reyes to submit his “person and property to search and seizure at any time of the day or night by any law enforcement officer with or without a warrant” is an “an unusually serious infringement of liberty.” See Williams, 356 F.3d at 1055. The district court failed to make the requisite finding that it involved “no greater deprivation of liberty than is reasonably necessary” to achieve the purposes of sentencing. § 3583(d)(2). Unlike in United States v. Rearden, 349 F.3d 608, 619 (9th Cir.2003), cert. denied, — U.S. -, 125 S.Ct. 32, 160 L.Ed.2d 32 (2004), the PSR did not “spell out” the probation office’s rationale for recommending such an invasive condition. We conclude that the district court’s failure to make explicit findings constitutes plain error that affected Reyes’ substantial rights, and that this error “seriously affects the fairness, integrity or public reputation of the judicial proceedings.” Johnson, 520 U.S. at 469-70, 117 S.Ct. 1544. We therefore vacate the district court’s imposition of the warrantless search condition of supervised release and remand with instructions that the district court provide a more reasoned basis for its decision. The district court may, however, determine that such a condition is unnecessary.
II.
In Booker, the Supreme Court reaffirmed its holdings in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely, stating:
Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by *9 the defendant or proved to a jury beyond a reasonable doubt.
Booker, 125 S.Ct. at 756. The Court held that “the Sixth Amendment as construed in Blakely” applies to the Sentencing Guidelines. Booker, 125 S.Ct. at 746, 756. A sentence enhancement on the basis of facts not established by the guilty plea or admitted by the defendant violates the Sixth Amendment when made under the previously-mandatory Guidelines. See Ameline, 409 F.3d at 1077-78.
Reyes argues on appeal that the imposition of the two-point sentence enhancement for obstruction of justice violated his rights under Blakely. He requests that we vacate his sentence and remand for resentencing. Accordingly, we determine that Reyes wishes to pursue a remand under Ameline, 409 F.3d at 1084-85. Although Reyes has been released from prison, because he faces a three year term of supervised release, the issue is not moot. See Radmall, 340 F.3d at 800 n. 3. Because Reyes did not raise the Blakely issue before the district court, we review for plain error. Ameline, 409 F.3d at 1077-78.
By imposing the two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, the district court increased Reyes’ sentence by four months beyond the maximum authorized by the facts established by Reyes’ guilty plea. The government argues that this enhancement did not constitute constitutional error because Reyes admitted the facts that supported the enhancement. We disagree. There is no evidence in the record that Reyes admitted to “willfully” obstructing or impeding, or attempting to obstruct or impede, the administration of justice with regard to the post-offense criminal charges for writing checks with insufficient funds. Cf. § 3C1.1. Moreover, it is unclear whether Reyes’ misstatements to his Pretrial Services Agency officer were materially false. Cf. § 3C1.1 n. 4(h), n. 5(c). Thus, the district court’s enhancement of Reyes’ sentence in reliance on judge-found facts under the then-mandatory Guidelines was constitutional error under Booker. See Ameline, 409 F.3d at 1077-78.
Next, we must determine whether the error affected Reyes’ substantial rights. We conclude that it is “not possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory....” Id. at 1084-85. We therefore remand to the district court for determination of whether the sentence would have been materially different under an advisory system, in accordance with the procedure outlined in Ameline, 409 F.3d at 1084-85.
VACATED in part and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.