**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cornelio M. SERAFIN, Defendant—
Appellant.**

**No. 02–10650.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.\*

Filed Jan. 18, 2006.

See also 168 F.3d 504.

Gary G. Fry, AUSA, USSJ–Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert V. Vallandigham, Jr., Esq., Law Office of Robert V. Vallandigham, Jr., Sausalito, CA, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

In 1993, the government indicted 23 people for their involvement in a Northern California methamphetamine- and PCP-trafficking conspiracy. Cornelio Serafin, one of the defendants, was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and conspiracy to manufacture, possess, and distribute PCP and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He challenges the sufficiency of the evidence that supports his conviction.

Claims of insufficient evidence are reviewed de novo. *United States v. Shipsey*, 363 F.3d 962, 971 n. 8 (9th Cir.2004). We "must affirm [Serafin's] conviction[ ] if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found [Serafin] guilty beyond a reasonable doubt of each element of the crimes charged." *United States v. Corral–Gastelum*, 240 F.3d 1181, 1183 (9th Cir.2001).

To prove a conspiracy, the government must establish "(1) an agreement to accomplish an illegal objective, (2) coupled with one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense." *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir.1987).

Once a conspiracy is established, the government can prove a defendant's "knowing participation" with evidence of the defendant's "connection with the conspiracy." *United States v. Delgado*, 357 F.3d 1061, 1066 (9th Cir.2004).

Serafin does not contend that the government failed to prove a drug conspiracy. Rather, he insists that its evidence of his connection to the conspiracy fell short of what is required for a conviction. The chief evidence against Serafin consisted of testimony from police officers who observed him engaged in counter-surveillance activities during two drug transactions in 1992. In early April, one of Serafin's co-conspirators met an undercover agent in a parking lot to purchase an ingredient for PCP in exchange for cash and methamphetamine. During the transaction, Serafin was observed in a truck repeatedly circling the parking lot, looking into parked cars as he went. After the transaction ended, Serafin followed the co-conspirator out of the parking lot, and then, after the co-conspirator entered a freeway, stopped his truck on the entrance ramp to prevent anyone from following.

Before the second transaction in late April, one of Serafin's co-conspirators was overheard telling the undercover agent that Serafin would finance another PCP ingredient purchase. Serafin again circled the parking lot slowly during the transaction, and then followed the co-conspirator when he left.

The government need only adduce "slight" evidence of a defendant's connection to a conspiracy to secure a valid conviction. *United States v. Daychild*, 357 F.3d 1082, 1096 n. 23 (9th Cir.2004). Evidence of counter-surveillance activities may support a conviction. *See Penagos*,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

823 F.2d at 348. A defendant can be convicted of conspiracy if evidence of only a single instance of counter-surveillance links him to the underlying activity. *See United States v. Moreno–Flores,* 33 F.3d 1164, 1171 (9th Cir.1994).

Serafin's actions during both of the transactions with the undercover agent are sufficient to connect him to the conspiracy. *See United States v. Mares,* 940 F.2d 455, 460 (9th Cir.1991) (holding that similar conduct constituted "significant circumstantial evidence supporting the inference that the appellants were acting in a counter-surveillance capacity"). Moreover, there is other evidence—including statements suggesting that he financed at least one drug transaction—that also support his conviction.

■ Serafin also challenges his conviction for possession. Because there is sufficient evidence of his connection to the conspiracy, he is also liable as a co-conspirator under the possession charge. *See Moreno–Flores,* 33 F.3d at 1172.

■ Finally, Serafin argues that the district court erroneously applied the Sentencing Guidelines "in a mandatory fashion" inconsistent with the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government concedes that the record does not demonstrate that the district court would have imposed the same sentence had it known that the Sentencing Guidelines were advisory, but it argues that, since Serafin has been released from prison, the issue is moot. Serafin, however, remains on supervised release, so the issue is not moot. *See, e.g., United States v. Radmall,* 340 F.3d 798, 800 n. 3 (9th Cir.2003); *United States v. Verdin,* 243 F.3d 1174, 1178 (9th Cir.2001); *Mujahid v. Daniels,* 413 F.3d 991, 995 (9th Cir.2005). We remand for possible resentencing based on our decision in *United States v.*

*Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

Conviction AFFIRMED; sentence REMANDED.