UNITED STATES of America,
Plaintiff—Appellee,

v.

George Lavell FROST, Defendant—
Appellant.

No. 05–30440.

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2006.*

Decided June 12, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Jeffrey B. Coopersmith, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Catherine L. Floit, Esq., Shoreline, WA, for Defendant–Appellant.

Before: THOMPSON, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

■ George Lavell Frost appeals the district court's revocation of his supervised release and resulting sentence of 18 months in prison to be followed by 18 months of supervised release.[1] Frost asserts prosecutorial misconduct, challenges two of the seven violations found by the district court, claims that the district court revoked his supervised release without properly considering the applicable statutory sentencing factors, and assigns error to the district court's imposition of a condition that restricts Frost's consumption of alcohol during supervised release. Finding no merit in Frost's various contentions, we affirm.[2]

■ 1. As Frost did not object to the alleged prosecutorial misconduct in the proceedings below, we review his claim for plain error. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000). The government did not deprive Frost of a fair hearing on his alleged violations of supervised release when the prosecutor advised him prior to the hearing that he was being investigated for criminal conduct allegedly committed while on supervised release. To the contrary, the prosecutor's disclosure allowed Frost and his counsel to consider the best strategy for the revocation proceedings. Had Frost testified, his testimony could have been used against him in any future criminal case. Thus, the choice not to testify was his to make and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We have jurisdiction pursuant to 28 U.S.C. § 1291. Although the parties do not address mootness, we note that Frost's projected release from custody on June 6, 2006 does not render this appeal moot because he remains on supervised release. *United States v. Radmall*, 340 F.3d 798, 800 n. 3 (9th Cir.2003). "If he were to prevail, in decreasing his total offense level, he could be resentenced to a shorter period of supervised release. Therefore, his appeal is not moot because [his] success [on appeal] could alter the supervised release portion of his sentence." *United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir.2001); *see also United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir.2006).

2. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

nothing suggests that the government violated any of Frost's legal rights by informing him of the possible new criminal charges against him.

■ 2. We review the district court's decision to revoke supervised release for an abuse of discretion. *United States v. Musa,* 220 F.3d 1096, 1100 (9th Cir.2000). The magistrate judge's uncontested findings of fact support the district judge's determination that the defendant committed both violations. The witness-tampering violation was made clear by the testimony of the witness who Frost had instructed to lie to the FBI. The change-in-residence violation was demonstrated by Frost's ex-wife's testimony that Frost was sleeping at the unreported residence and that she had left their three children with him on approximately 10 occasions at that same residence. Based on these uncontested facts, the district court did not abuse its discretion in determining that Frost had committed the challenged violations of supervised release.

■ 3. In determining a sentence following revocation of supervised release, a district court is guided by the factors listed in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). We review for an abuse of discretion the district court's sentence imposed when revoking supervised release. *Musa,* 220 F.3d at 1101. Frost contends that the district court ignored those factors and abused its discretion in departing from the advisory sentencing range under the sentencing guidelines. The record reveals, however, that the district court considered the statutory factors and provided a lengthy explanation of its specific reasons for sentencing Frost outside the advisory guideline range (but under the statutory maximum). Indeed, the district court elucidated the facts that, in the words of the district court, made "this case go[ ] beyond the normal situation and is greater than [what] the policy guidelines [deem] appropriate." In light of the nature and extent of Frost's violations, including the newly perpetrated frauds and an extensive attempt to cover up his deception to the probation officer, a prison sentence of 18 months (six months less than the statutory maximum) does not qualify as an abuse of discretion.

■ 4. Finally, Frost objects to a supervised-release restriction on his use of alcohol. In light of Frost's failure to object to this condition in the district court, our review is limited to plain error. *United States v. Rearden,* 349 F.3d 608, 618 (9th Cir.2003). The condition was first imposed as part of the original sentence in 2001, which was based on Frost having admitted to his then-recent use of marijuana on three or four occasions and becoming intoxicated on two occasions. In light of this information, it cannot be said that the district court plainly erred in reimposing the alcohol restriction as a condition of supervised release because, even assuming that the claimed error affects Frost's substantial rights, it does not " 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' " *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)) (alteration omitted).

**AFFIRMED.**