**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shirley Ann JACKSON, Defendant–
Appellant.**

No. 06–50216.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2007.

Filed Feb. 7, 2007.

Becky S. Walker, Esq., Debra W. Yang, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Stanley L. Friedman, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, KLEINFELD, and SMITH, Circuit Judges.

MEMORANDUM *

■ The district court properly decided that it had no jurisdiction to hear Jackson's motion to withdraw her plea under Federal Rule of Criminal Procedure 11(e). A limited remand pursuant to *United States v. Ameline*[1] does not vest a district court with the authority to re-sentence or

consider new objections unless the district court first determines that it would have given a materially different sentence under an advisory guideline system and vacates the sentence.[2] Jackson's argument that what occurred after her second remand was, or should have been, something other than a limited remand is unavailing. The prior law of this case demonstrates that all Jackson was awarded after her second trip to the Ninth Circuit was a limited remand pursuant to *Ameline*.[3] The district court's task was complete when it determined, following the limited remand, that it would not have sentenced Jackson to a materially different sentence under an advisory guideline system.[4]

■ Under certain circumstances, we would have jurisdiction to review a defendant's motion to withdraw her guilty plea, even though the district court did not.[5] In this case, however, Jackson waived her right to present the issue to us now on her third appeal because she did not present it before.[6] Jackson's argument that we should entertain her Rule 11 claim based on the "new law" of *United States v. Adams*[7] is misplaced. Established precedent supporting Jackson's waived claim was available before *Adams*.[8]

Jackson's argument that the district court improperly applied *United States v. Ameline*[9] fails. The record clearly shows

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 409 F.3d 1073 (9th Cir.2005).

2. *United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006).

3. *United States v. Jackson*, 147 Fed.Appx. 690 (9th Cir.2005).

4. *See United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006).

5. *See United States v. King*, 257 F.3d 1013, 1024 (9th Cir.2001).

6. *See United States v. Radmall*, 340 F.3d 798, 802 (9th Cir.2003).

7. 432 F.3d 1092 (9th Cir.2006).

8. *E.g., United States v. Littlejohn*, 224 F.3d 960, 969 (9th Cir.2000).

9. 409 F.3d 1073 (9th Cir.2005).

that the district court properly took into account the non-mandatory nature of the guidelines. The record also demonstrates that there was an adequate factual basis for the district court's acceptance of Jackson's guilty plea and its determination of loss.

 There was no violation of Jackson's allocution rights. A defendant awarded a limited *Ameline* remand is not entitled to allocution unless the district court makes the determination that re-sentencing is required.[10]

AFFIRMED.

---

**10.** *United States v. Silva*, 472 F.3d 683 (9th Cir.2007).

