**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael F. SCHULZE, Defendant—Appellant.**

**Nos. 06–10629, 07–10290, 07–10403.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kenneth M. Sorenson, Esq., USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Michael F. Schulze, Bennetsville, SC, pro se.

Schulze Gretchen, Ewa Beach, HI, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

In these consolidated appeals, Michael F. Schulze appeals pro se from the district court's orders: (1) denying his motion for reversal of his conviction and dismissal of the indictment; (2) denying his motion for disclosure of grand jury transcripts; and (3) reaffirming his sentence following a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Schulze contends that the district court erred by declining to reverse his conviction and dismiss his indictment because the government engaged in various forms of misconduct prior to and during his trial. We agree with the district court that Schulze waived his new arguments regarding government misconduct because he could have raised them in his earlier appeal, but did not do so. *See United States v. Thornton,* 511 F.3d 1221, 1229 (9th Cir.2008); *United States v. Radmall,* 340 F.3d 798, 801–02 (9th Cir.2003).

Schulze also contends that the district court erred by denying his motion for disclosure of grand jury transcripts. The district court did not abuse its discretion because Schulze did not demonstrate a "particularized need" for the transcripts. *See United States v. Perez,* 67 F.3d 1371, 1380–81 (9th Cir.1995), *vacated in part,* 116 F.3d 840 (9th Cir.1997) (en banc); *see also United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986) (per curiam).

Finally, Schulze raises multiple challenges to the district court's decision not to resentence him following a limited *Ameline* remand. These contentions lack merit. *See Thornton,* 511 F.3d at 1226–29; *United States v. Combs,* 470 F.3d 1294, 1296–97 (9th Cir.2006); *see also United States v. Montgomery,* 462 F.3d 1067, 1069–71 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.