**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

MYRA BOLECHE MINKS,

      Defendant - Appellant.

No. 09-10454

D.C. No. 5:04-cr-20041-JW-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted December 7, 2010[**]
San Francisco, California

Before: COWEN[***], TASHIMA and SILVERMAN, Circuit Judges.

    Myra Minks appeals the district court's revocation of her supervised release.

She argues that the district court's admission of hearsay testimony at her

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

revocation hearing violated her due process rights and was prejudicial.[1]  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo whether the district court

violated Minks's due process rights.  *United States v. Perez*, 526 F.3d 543, 547

(9th Cir. 2008).  Violations of such constitutional guarantees are subject to

harmless error review.  *Id*.

The Sixth Amendment right of confrontation does not apply in supervised

release revocation hearings, *United States v. Hall*, 419 F.3d 980, 985 (9th Cir.

2005); and, generally speaking, hearsay may be admissible, *see United States v.

Comito*, 177 F.3d 1166, 1170 (1999).  However, under some circumstances, the

admission of unreliable hearsay at a revocation hearing can rise to the level of a

due process violation.  *See Hall*, 419 F.3d at 986.

Lirakis's statements to the police officer were hearsay but were amply

corroborated by the testimony of other witnesses and by physical evidence found

by Minks's person.  However, even if the statements should not have been

received, the indisputably admissible evidence overwhelmingly established

---

[1] Although the parties do not address mootness, we note that Minks's release from custody on October 30, 2010 did not render this appeal moot because she remains on supervised release until January 26, 2012.  *See United States v. Radmall*, 340 F.3d 798, 800 n.3 (9th Cir. 2003); *United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001) (appeal not moot because "success for [defendant] could alter the supervised release portion of his sentence") (quotation marks and citation omitted).

Minks's violation of supervised release beyond any doubt, much less by a preponderance of the evidence.

AFFIRMED.