**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10206 |
| Plaintiff- Appellee, | D.C. No. 3:12-cr-00674-JSW-1 |
| v. | AMENDED |
| ERIC JONES, | MEMORANDUM* |
| Defendant- Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted on May 12, 2014
San Francisco, California

Before:     SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District Judge.**

Appellant Eric Jones (Jones) appeals the 130-month sentence imposed following his guilty plea to one count of possession with intent to distribute and distribution of 5 grams or more of crack cocaine (count one), two counts of possession with intent to distribute and distribution of 5 grams or more of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Ivan L. R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

1

methamphetamine (counts two and four), three counts of sale of a firearm to a prohibited person (counts three, five, and six), and one count of unlawful trafficking of firearms (count seven). Because the district court exceeded the statutory maximum sentence, we vacate Jones's sentence on counts three, five, and six. Because the sentences on the remaining counts were affected by the sentence on counts three, five, and six, we remand for resentencing on all counts.

Jones was arrested after he sold guns and drugs to a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms and Explosives and was indicted in a seven count indictment. Jones pled guilty to all counts, without a plea agreement. A Presentence Report (PSR) was prepared prior to sentencing. Jones made two objections to the PSR, claiming (1) he was not a member of the Da'Vil gang, as alleged in the PSR; and (2) the PSR's recommendation of a two-level enhancement for maintaining a premise for the purpose of manufacturing or distributing a controlled substance was improper because he primarily used the house lawfully as his sole residence with the exception of three drug sales he completed at the home over the course of six months.

The district court overruled Jones's objections and adopted the PSR's Sentencing Guidelines calculation , setting the criminal history category as III and the total offense level at 27, yielding a guideline range of 87-108 months. The district court sentenced Jones to 130 months imprisonment on counts one through

six and 60 months imprisonment on count seven, all to be served concurrently. Jones also received three years of supervised release on counts one, three, five, six, and seven, and four years of supervised release on counts two and four, again to be served concurrently. The court placed several supervised release conditions on Jones, including providing his probation officer access to financial information, submitting to suspicionless searches of his person, residence, and property, and prohibiting association with the Da'Vil gang or any other gang. Jones objected to the substantive reasonableness of the sentence and the supervised release conditions. The district court overruled the objections. This appeal followed.

Both Jones and the United States agree that the sentence for counts three, five, and six was improper, and that remand for resentencing on those counts is appropriate. The statutory maximum sentence for a violation of 18 U.S.C. § 922(d) is 120 months imprisonment. 18 U.S.C. § 924(a)(2). Here, the district judge sentenced Jones to 130 months imprisonment for each of Jones's violations of § 922(d). We therefore vacate those sentences and remand for resentencing on those counts.

"[W]hen a district court imposes multiple sentences on a defendant, "the degree to which each offense contributes to the total sentence is usually affected by the other offenses of conviction." Thus, remand of all sentences is often warranted." *United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010)

3

(quoting *United States v. Radmall*, 340 F.3d 798, 801 (9th Cir. 2003)).  Upon review of the district court's statements during sentencing in this case, we agree that remand on all counts is appropriate here.  We vacate Jones' sentence on counts one, two, four, and seven, and remand for resentencing on those counts as well.

We affirm the two-level enhancement for maintaining a drug premises. U.S.S.G. § 2D1.1(b)(12) imposes a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." Here, the district judge did not clearly err or abuse his discretion in imposing the two-level enhancement in light of the three documented sales of drugs by Jones at his home, the large amounts of cash found in the house, drug manufacturing residue found in the kitchen drain, and the PSR's finding that Jones had no other gainful employment.[1]

We further affirm the district court's finding that Jones was a gang member because it was not clear error. In making this finding, the district court complied with Federal Rule of Criminal Procedure 32. The PSR found that Jones was a member of the gang based in part on a Gang Member Validation Worksheet from

---

[1] The resolution of the enhancement turns on factual considerations, not purely on legal conclusions.  We have limited authority to overturn factual findings and the guideline application to the facts. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005) (factual findings are reviewed for clear error and application of the Sentencing Guidelines to the facts is reviewed for abuse of discretion). Even if our review was de novo, we would similarly affirm because our interpretation of the Sentencing Guidelines is in line with the district court. *Id*.

the Classification Unit at the San Mateo County Sheriff's Office from February 2010, indicating that Jones had admitted his gang affiliation. According to that sheet, Jones told prison officials "I have to be kept away from anybody in the Taliban [a rival gang] or I'll have to kill them." Although Jones went on to say "I'm not in any gang" he also stated "but if I have the chance I'll kill them and I want no new charges so keep me away from them." *Id.* Later, Jones referred to himself as a "V-boy"—a common name for members of the Da' Vil gang. *Id.* The PSR also referenced a felony report from the East Palo Alto Police Department on October 5, 2012, which stated that Jones arrived at the murder scene of a Taliban gang member, stood over the dead body, smirked as he said the dead man's name, and then walked away. The district court, presented with Jones's objection, heard argument from both sides. The record contained not only the objected-to statements in the PSR that Jones was a gang member and that he would kill Taliban members, but also the unobjected-to evidence that Jones's family and friends were Da' Vil members, that he asked to be housed away from Taliban members, that Da' Vil members were with him when he was arrested, and that he was at the scene of a Taliban member's murder. This evidence was adequate for the district court to reach the conclusion that Jones was a gang member.

Lastly, we affirm all conditions of supervised release as neither procedurally nor substantively in error. *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th

5

Cir. 2012). Under these circumstances, neither the requirement that Jones reveal financial information, consent to suspicionless searches, nor refrain f rom associating with gang members were in error. *See United States v. Garcia*, 522 F.3d 855, 862 (9th Cir. 2008) (finances); *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) (suspicionless searches); *United States v. Johnson*, 626 F.3d 1085, 1090 (9th Cir. 2010) (gang associations).

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**

*United States v. Jones*, No. 13-10206

GOULD, Circuit Judge, concurring in part and dissenting in part:

Because the majority applies the wrong standard of review and incorrectly interprets the meaning of § 2D1.1(b)(12) of the United States Sentencing Guidelines, I respectfully dissent from that part of its disposition. I agree that the sentence imposed by the district court on counts three, five, and six was improper because it exceeded the statutory maximum, and I agree that the sentence on the remaining counts was affected by that error, and so I would also remand for re-sentencing on all counts. I also agree that the district court did not violate Rule 32 in finding that Jones was a gang member, that the finding of gang membership by the district court was not clear error, and that the conditions of supervised release are neither procedurally erroneous nor substantively unreasonable. However, I would vacate Jones' sentence on all counts for a second, independent reason. Under our precedent, section 2D1.1(b)(12)'s two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing illegal drugs is not properly invoked by the limited facts of Jones' case.

On appeal, we review challenges to a district court's interpretation of the Sentencing Guidelines *de novo. United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). Because Congress explicitly based this sentencing enhancement on the parallel language of 21 U.S.C. § 856, I would hold that our precedent

interpreting that statute is persuasive on the inquiry we face here. Fair Sentencing Act Of 2010, PL 111-220, 124 Stat 2372 ("the United States Sentencing Commission shall review and amend the Federal sentencing guidelines to ensure an additional increase of at least 2 offense levels if . . . the defendant maintained an establishment for the manufacture or distribution of a controlled substance, as generally described in section 416 of the Controlled Substances Act (21 U.S.C. 856)."). Three drug sales by Jones over six months involving small amounts of drugs, a few thousands dollars in cash, and evidence of small-scale drug manufacturing do not constitute the kind of "primary or principal uses" with which the statute and the enhancement are concerned. *United States v. Shetler*, 665 F.3d 1150, 1162 (9th Cir. 2011) (imposing a high bar for application of the criminal statute because it "better comports with the statutory language" and "ensures that the statute is not unconstitutionally vague."); *see also United States v. Mancuso*, 718 F.3d 780, 795-96 (9th Cir. 2013) (holding that although there was proof of distribution of 276 grams of cocaine over dozens of incidents "[i]t is not at all clear that the evidence of these instances of distribution would be sufficient to pass the "principal use" formulation" when considered alongside the concurrent legal use of the property). Moreover, that these few sales were made at Jones' home would not appear to suggest that the home was held out as a place at which to buy drugs, but rather may be a normal consequence of the fact that the confidential informant,

who set Jones up for illegal drug sales, was Jones' friend who might have been expected to call on Jones at his home.

I respectfully dissent in part.