MEMORANDUM **
Appellant Eric Jones (Jones) appeals the 130-month sentence imposed following his guilty plea to one count of possession with intent to distribute and distribution of 5 grams or more of crack cocaine (count one), two counts of possession with intent to distribute and distribution of 5 grams or more of methamphetamine (counts two and four), three counts of sale of a firearm to a prohibited person (counts three, five, and six), and one count of unlawful traf- *696 fieking of firearms (count seven). Because the district court exceeded the statutory maximum sentence, we vacate Jones’s sentence on .counts three, five, and six. Because the sentences on the remaining counts were affected by the sentence on counts three, five, and six, we remand for resentencing on all counts.
Jones was arrested after he sold guns and drugs to a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms and Explosives and was indicted in a seven count indictment. Jones pled guilty to all counts, without a plea agreement. A Presentence Report (PSR) was prepared prior to sentencing. Jones made two objections to the PSR, claiming (1) he was not a member of the Da’ Vil gang, as alleged in the PSR; and (2) the PSR’s recommendation of a two-level enhancement for maintaining a premise for the purpose of manufacturing or distributing a controlled substance was improper because he primarily used the house lawfully as his sole residence with the exception of three drug sales he completed at the home over the course of six months.
The district court overruled Jones’s objections and adopted the PSR’s Sentencing Guidelines calculation, setting the criminal history category as III and the total offense level at 27, yielding a guideline range of 87-108 months. The district court sentenced Jones to 130 months imprisonment on counts one through six and 60 months imprisonment on count seven, all to be served concurrently. Jones also received three years of supervised release on counts one, three, five, six, and seven, and four years of supervised release on counts two and four, again to be served concurrently. The court placed several supervised release conditions on Jones, including providing his probation officer access to financial information, submitting to suspicionless searches of his person, residence, and property, and prohibiting association with the Da’ Vil gang or any other gang. Jones objected to the substantive reasonableness of the sentence and the supervised release conditions. The district court overruled the objections. This appeal followed.
Both Jones and the United States agree that the sentence for counts three, five, and six was improper, and that remand for resentencing on those counts is appropriate. The statutory maximum sentence for a violation of 18 U.S.C. § 922(d) is 120 months imprisonment. 18 U.S.C. § 924(a)(2). Here, the district judge sentenced Jones to 130 months imprisonment for each of Jones’s violations of § 922(d). We therefore vacate those sentences and remand for resentencing on those counts.
“[W]hen a district court imposes multiple sentences on a defendant, “the degree to which each offense contributes to the total sentence is usually affected by the other offenses of conviction.” Thus, remand of all sentences is often warranted.” United States v. Evans-Martinez, 611 F.3d 635, 645 (9th Cir.2010) (quoting United States v. Radmall, 340 F.3d 798, 801 (9th Cir.2003)). Upon review of the district court’s statements during sentencing in this case, we agree that remand on all counts is appropriate here. We vacate Jones’ sentence on counts one, two, four, and seven, and remand for resentencing on those counts as well.
We affirm the two-level enhancement for maintaining a drug premises. U.S.S.G. § 2Dl.l(b)(12) imposes a two-level enhancement “[i]f the defendant maintained a premises, for the purpose of manufacturing or distributing a controlled substance.” Here, the district judge did not clearly err or abuse his discretion in imposing the two-level enhancement in light of the three documented sales of drugs by Jones at his home, the large *697 amounts of cash found in the house, drug manufacturing residue found in the kitchen drain, and the PSR’s finding that Jones had no other gainful employment.[1]
We further affirm the district court’s finding that Jones was a gang member because it was not clear error. In making this finding, the district court complied with Federal Rule of Criminal Procedure 32. The PSR found that Jones was a member of the gang based in part on a Gang Member Validation Worksheet from the Classification Unit at the San Mateo County Sheriffs Office from February 2010, indicating that Jones had admitted his gang affiliation. According to that sheet, Jones told prison officials “I have to be kept away from anybody in the Taliban [a rival gang] or I’ll have to kill them.” Although Jones went on to say “I’m not in any gang” he also stated “but if I have the chance I’ll kill them and I want no new charges so keep me away from them.” Id. Later, Jones referred to himself as a “V-boy” — a common name for members of the Da’ Vil gang. Id. The PSR also referenced a felony report from the East Palo Alto Police Department on October 5, 2012, which stated that Jones arrived at the murder scene of a Taliban gang member, stood over the dead body, smirked as he said the dead man’s name, and then walked away. The district court, presented with Jones’s objection, heard argument from both sides. The record contained not only the objected-to statements in the PSR that Jones was a gang member and that he would kill Taliban members, but also the unobjected-to evidence that Jones’s family and friends were Da’ Vil members, that he asked to be housed away from Taliban members, that Da’ Vil members were with him when he was arrested, and that he was at the scene of a Taliban member’s murder. This evidence was adequate for the district court to reach the conclusion that Jones was a gang member.
Lastly, we affirm all conditions of supervised release as neither procedurally nor substantively in error. United States v. Wolf Child, 699 F.3d 1082, 1090 (9th Cir.2012). Under these circumstances, neither the requirement that Jones reveal financial information, consent to suspicionless searches, nor refrain from associating with gang members were in error. See United States v. Garcia, 522 F.3d 855, 862 (9th Cir.2008) (finances); United States v. Betts, 511 F.3d 872, 876 (9th Cir.2007) (suspicionless searches); United States v. Johnson, 626 F.3d 1085, 1090 (9th Cir.2010) (gang associations).
VACATED AND REMANDED IN PART, AFFIRMED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The resolution of the enhancement turns on factual considerations, not purely on legal conclusions. We have limited authority to overturn factual findings and the guideline application to the facts. United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir.2005) (factual findings are reviewed for clear error and application of the Sentencing Guidelines to the facts is reviewed for abuse of discretion). Even if our review was de novo, we would similarly affirm because our interpretation of the Sentencing Guidelines is in line with the district court. Id.