NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ALBERT LAMONT HECTOR, AKA Hector Allen, AKA Cartoon, AKA Lil Cartoon, AKA lilcartoon, AKA Lamont Murkison, AKA Sean Murks, <br><br> Defendant-Appellant. | No. 17-50009 <br><br> D.C. No. 2:16-cr-00486-PA-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 14, 2019[**]
Pasadena, California

Before: WARDLAW, BYBEE, and MILLER, Circuit Judges.

Following a jury trial, Albert Lamont Hector was convicted on one count of

distribution of cocaine base and one count of possession of cocaine base with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). He was also convicted on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 130 months of imprisonment on each of the three counts, to be served concurrently. Hector now appeals his sentence. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we vacate Hector's sentences on all counts of conviction and remand for full resentencing.

Hector's 130-month term of incarceration on the felon-in-possession count was unlawful because it exceeded the statutory maximum of 10 years. *See* 18 U.S.C. § 924(a)(2). Although Hector did not raise that objection in the district court, the government concedes that the imposition of a sentence in excess of the statutory maximum is plain error. *See United States v. Lomow*, 266 F.3d 1013, 1022 (9th Cir. 2001) (subsequent history omitted). We therefore vacate the sentence imposed for that count.

The parties disagree about how the error on the felon-in-possession count should affect Hector's sentencing for the other counts. Hector asks us to vacate his entire sentence, while the government asks that we vacate only the sentence imposed for the felon-in-possession count and otherwise affirm.

Under the advisory Sentencing Guidelines, a defendant's sentence on multiple counts of conviction "constitute[s] a single 'package' reflecting his

overall offense conduct rather than separate and independent sentences on each count," and thus "the degree to which each offense contributes to the total sentence is usually affected by the other offenses of conviction." *United States v. Radmall*, 340 F.3d 798, 801 (9th Cir. 2003). For that reason, "remand of all sentences is often warranted" when there is an error with respect to one sentence. *United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010).

To be sure, an error in the sentence on one count does not always require vacatur of sentences on other counts. In *Evans-Martinez*, for example, we declined to vacate one of the defendant's sentences after identifying error in others. *Id.* But in that case, "the statements made by the district court at the sentencing hearing" established definitively that "the district court would impose the same sentence on remand." *Id.*; *see id.* at 645 n.16. Here, by contrast, the record does not make clear whether the error on the felon-in-possession count affected the district court's sentencing determination on the other counts. We conclude that the better course is "to vacate all of the sentences imposed and to authorize the district court to begin the sentencing process afresh," thereby allowing the district court to impose the total punishment that it considers appropriate after correcting the error. *United States v. Handa*, 122 F.3d 690, 692 (9th Cir. 1997); *see* 18 U.S.C. § 3742(f)(1).

Hector raises two other challenges to his sentence: he argues that the district court erred in imposing an enhancement under Sentencing Guidelines

§ 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense, and that the district court did not adequately explain its rejection of his request for a below-Guidelines sentence. Because we remand for a full resentencing, we do not address those arguments.

**VACATED and REMANDED.**