NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50066 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-01128-BEN-11 |
| v. | |
| TRAVIS JOB, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 12, 2019[**]
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,[***] District
Judge.

Travis Job appeals from his conviction for conspiracy to distribute

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

260-month sentence imposed by the district court on resentencing after remand. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     In this second appeal, Job raises four arguments. First, Job challenges the sufficiency of the evidence supporting the jury's finding that more than 50 grams of pure methamphetamine were involved in the drug conspiracy. Although nothing prevented him from doing so, Job did not argue in his first appeal that the jury's special verdict on drug quantity was based on insufficient evidence. We reject this belated challenge. *See United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter."); *see also United States v. Radmall*, 340 F.3d 798, 802 (9th Cir. 2003) ("[I]mplicit in the *Nagra* rule is the requirement that [an appellant] assert all of his available claims on his direct appeal or first collateral attack . . . [He] cannot now use the serendipitous fact of reversal on [one count] to refashion his defaulted claims on [the other counts].").[1]

---

[1] Job appears to argue that his failure to raise insufficiency of the evidence in his first appeal amounts at most to a forfeiture, rather than a waiver, and that "forfeited claims are reviewed for plain error, while waiver precludes appellate review altogether." *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). In *Depue*, we noted that "[w]hereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a *known* right." *Id.* (quotation marks omitted) (emphasis in original). We need not decide whether Job forfeited or waived his sufficiency challenge. Even if he only forfeited it, Job cannot show that the jury plainly erred because there was overwhelming evidence to support its quantity finding.

2.     Second, Job argues that the district court erred in applying the United States Sentencing Guidelines ("U.S.S.G.") when, based on the quantity of methamphetamine involved in the conspiracy, it calculated a base offense level of 32. "The determination of drug quantity involved in an offense under the Sentencing Guidelines is a factual finding reviewed for clear error." *United States v. Mancuso*, 718 F.3d 780, 796 (9th Cir. 2013). The method adopted by the district court to approximate the relevant drug quantity is reviewed de novo. *Id*. at 796-97. We have expressly endorsed the extrapolation method of calculating the purity of a drug quantity attributable to a defendant based on the purity of other drugs seized from co-conspirators. *United States v. Lopes-Montes*, 165 F.3d 730, 731-32 (9th Cir. 1999) ("We agree with our sister circuits that using the purity of drugs actually seized to estimate the purity of the total quantity of drugs the defendant agreed to deliver is an appropriate method of establishing the base offense level.").

Under the then-applicable Sentencing Guidelines, the district court was required to find that Job was responsible for at least 150 grams of actual, or pure, methamphetamine in order to apply a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4) (2014). Based on the trial evidence, a co-conspirator arranged for Job to deliver to her 340 grams, or twelve ounces, of "cut" methamphetamine on September 2, 2012, which Job did. The record shows that all of the other methamphetamine that was seized and tested by the Government throughout the

3

investigation into the drug-trafficking conspiracy with which Job was affiliated was found to have a purity level of at least 79.7 percent, which would result in a pure quantity that is well above the 150-gram threshold.[2] Moreover, by basing Job's drug quantity finding only on the 340 grams that he cut and delivered to the co-conspirator on September 2nd, and ignoring the additional quantities that Job delivered the following day or the drugs found in Job's freezer, the district court erred "on the side of caution." *United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002). Thus, the district court did not clearly err in applying a base offense level of 32.

3. Third, Job contends that the district court erred in imposing a two-level enhancement under the U.S.S.G. based on its finding that Job maintained a premises for the purpose of manufacturing or distributing a controlled substance. We review Job's challenge to the district court's application of the two-level premises enhancement for abuse of discretion, and any associated findings of fact

---

[2] As explained in the Sentencing Guidelines: "The terms 'PCP (actual)', 'Amphetamine (actual)', and 'Methamphetamine (actual)' refer to the weight of the controlled substance, itself, contained in the mixture or substance. For example, a mixture weighing 10 grams containing PCP at 50% purity contains 5 grams of PCP (actual). In the case of a mixture or substance containing PCP, amphetamine, or methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual), amphetamine (actual), or methamphetamine (actual), whichever is greater." U.S.S.G. § 2D1.1(c) n.(B) (2014).

for clear error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). For the two-level premises enhancement to apply, "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." U.S.S.G. § 2D1.1 n.17 (2014). The district court found that Job's downstairs apartment was uninhabited and had no cooking supplies, no silverware, and no food, but that it did have a microwave, a hot plate, and a fire extinguisher, along with multiple scales, baggies, and empty vials. In addition, law enforcement officers found 56.4 grams of pure methamphetamine and several bags of the illegal substance "spice" in the freezer located there. The downstairs apartment also had a computer monitor connected to four surveillance cameras. The district court's factual findings were not clearly erroneous, and amply supported the application of the two-level premises enhancement here.

4.  Finally, Job argues that the entire sentencing enhancement regime in § 851, which increased his mandatory minimum sentence from ten to twenty years based on his prior felony drug conviction, violates his constitutional rights under the Fifth and Sixth Amendments for the reasons stated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). But "[w]e have repeatedly acknowledged that *Apprendi* carves out an exception for the fact of a prior conviction," *United States v.*

*Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004), and Job recognizes that his requested relief is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Therefore, we reject this argument.

    **AFFIRMED.**