**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-2187 |
| Plaintiff - Appellee, | D.C. No. 2:16-cr-00225-RSM-1 |
| v. | |
| RANDY LEE HALL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted May 21, 2026[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges.

Defendant-Appellant Randy Lee Hall ("Hall") appeals the denial of his

motion to withdraw his plea agreement to Count 2 (assault of a federal officer),

alleging an inadequate Rule 11 colloquy and ineffective assistance of counsel for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failing to inform him that intent to assault was an essential element. We review the denial of the motion to withdraw for an abuse of discretion, *United States v. Hernandez*, 105 F.4th 1234, 1238 (9th Cir. 2024), and we may affirm on any ground supported by the record, *United States v. Mongol Nation*, 56 F.4th 1244, 1253 n.6 (9th Cir. 2023).

Hall has waived his ability to further contest his guilty plea, as he has already filed both a direct appeal and a § 2255 motion in which he could have, but failed to, raise this particular issue (although he raised similar ones unsuccessfully). A defendant cannot "hold issues back for a string of appeals." *United States v. Radmall*, 340 F.3d 798, 802 (9th Cir. 2003); *see also United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998) (rejecting a late attempt to withdraw a plea, noting that "[w]hen a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter"); *United States v. Tat*, 97 F.4th 1155, 1161 (9th Cir. 2024) ("[R]emand [for resentencing] could not open the door for the defendant[] to bring new challenges to [his] plea agreement[] that [he] could have raised all along.").

**AFFIRMED.**