**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30139 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-60088-MRH |
| v. | |
| EDGARDO MARTINEZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted February 15, 2011[**]

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Edgardo Martinez-Martinez appeals from the 30-month sentence imposed

following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C.

§ 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez-Martinez contends that the district court procedurally erred by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

impermissibly considering his rejection of the government's fast-track plea offer and the sentence that would have resulted therefrom. We review for plain error. *See United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010). Martinez-Martinez fails to demonstrate that the district court's inquiry into whether he rejected a plea offer was plain error that affected his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

Martinez-Martinez also contends that the sentence imposed is substantively unreasonable due to the age of the prior violent felony conviction that triggered a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). The district court specifically considered the 18 U.S.C. § 3553(a) sentencing factors, in conjunction with the staleness of the conviction, prior to granting a downward variance from the advisory Guidelines range. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054-56 (9th Cir. 2009). The below-Guidelines sentence is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**