**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  v.

JESUS NORBERTO EVANS-MARTINEZ,
  *Defendant-Appellant.*

No. 09-10098

D.C. No.
1:03-cr-00187-
DAE-1

OPINION

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted
February 11, 2010—Honolulu, Hawaii

Filed July 8, 2010

Before: Jerome Farris, Dorothy W. Nelson and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Peter C. Wolff, Jr., Federal Public Defender, and Alexander Silvert, First Assistant Federal Defender, District of Hawaii, Honolulu, Hawaii, for the defendant-appellant.

Edward H. Kubo, Jr., United States Attorney, and Lawrence L. Tong, Assistant U.S. Attorney, District of Hawaii, Honolulu, Hawaii, for the plaintiff-appellee.

## OPINION

BEA, Circuit Judge:

This case involves a criminal defendant's claim that the district court committed various procedural errors when it imposed concurrent sentences of 160 months' imprisonment after the defendant pleaded guilty to three counts: (1) sexual abuse of a child, (2) sexual exploitation of children, and (3)

witness tampering. The defendant also claims the sentences imposed by the district court were unreasonably harsh, amounting to substantive unreasonability.

When a defendant has been convicted of three counts, one of which carried a Congressionally mandated minimum sentence, one might think the logical place to start reckoning his sentence under the Sentencing Guidelines would be with that minimum sentence. It could become the advisory Guidelines sentence from which—after taking into consideration relevant aggravating and mitigating factors—all three counts could be sentenced.

Alas, such logic is overcome by the precise language of the Sentencing Guidelines and the possibility that the conviction on the count carrying the mandatory minimum sentence could be vacated or reversed, putting in doubt any sentence based on it.

Under the Sentencing Guidelines, a mandatory minimum sentence becomes the starting point for any count that carries a mandatory minimum sentence higher than what would otherwise be the Guidelines sentencing range. All other counts, however, are sentenced based on the Guidelines sentencing range, regardless the mandatory minimum sentences that apply to other counts.

Here, perhaps understandably, the district court erred when it used the mandatory minimum sentence for one count as the starting point for sentencing all counts. Thus, to ensure the procedural requirements of the Sentencing Guidelines are properly followed, we must vacate the sentences imposed on counts other than the one that carried a mandatory minimum sentence and remand them, once again, for sentencing by the district court.

The sentence the district court imposed on the count that carried a mandatory minimum sentence was properly calcu-

lated. In a separate memorandum disposition filed concurrently with this opinion, we hold the sentence imposed on that count is not substantively unreasonable. It is affirmed.

## I.   Background[1]

Jesus Norberto Evans-Martinez ("Evans-Martinez") was an active duty member of the United States Army, stationed in Hawaii. He lived at Schofield Barracks, which is within the special maritime and territorial jurisdiction of the United States.

Evans-Martinez was indicted on charges of (1) sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a), for the sexual abuse of a minor in his custody; (2) sexual exploitation of children, in violation of 18 U.S.C. § 2251(c), for sending e-mails that advertised the creation of his child pornography-related e-group; and (3) witness tampering, in violation of 18 U.S.C. § 1512(b), for asking his wife to destroy evidence. He entered a plea agreement with the government in which he agreed to plead guilty to all three counts. The government agreed not to seek additional charges against Evans-Martinez that related to sexual abuse of minors or to child pornography. The agreement provided that the government would inform the district court of any aggravating or mitigating evidence that would be relevant to sentencing.

At the sentencing hearing that gave rise to this appeal,[2] the district court noted that the Guidelines sentencing range for

---

[1]We provide only a limited recitation of the facts because many of the relevant facts were filed under seal. Those facts are not relevant to the resolution of the legal issues we address in this opinion.

[2]In a previous appeal in this case, we vacated and remanded the sentence imposed by the district court because the district court failed to notify Evans-Martinez in advance of the sentencing hearing of its intent to impose an upward departure, as required by Federal Rule of Criminal Procedure 32. *United States v. Evans-Martinez*, 530 F.3d 1164, 1167 (9th Cir. 2008).

all three counts was 120 months' imprisonment—the statutory minimum sentence for sexual exploitation of children (Count 2). The government moved for a downward departure and recommended concurrent sentences of 96 months' imprisonment on all three counts. Defense counsel argued the district court should depart downward to 60 months' imprisonment and use that as the starting point for any upward variance based on the 18 U.S.C. § 3553(a) sentencing factors.

The district court granted the government's motion for a downward departure. However, the district court did not announce the extent of the departure or calculate a new Guidelines sentencing range. Instead, the district court proceeded to consider the § 3553(a) factors. The district judge explained that, while he had presided over many child pornography cases in his 20 years on the bench, he had "never seen one with some of the compelling, disturbing and egregious circumstances that exist in this case." He identified numerous aggravating factors to support the imposition of an above-Guidelines sentence.[3] The district judge also considered the assistance Evans-Martinez provided to authorities, which helped to convict seven others on child pornography charges and the steps Evans-Martinez took toward rehabilitation while he was in prison. The district court imposed concurrent sentences of 160 months' imprisonment for each of the three counts.

## II.   Discussion

We review sentences imposed by district courts under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first "ensure that the district court committed no significant procedural error" when it sentenced Evans-Martinez. *Id.* If the district court committed no signifi-

---

[3]Because the facts underlying many of these aggravating factors were filed under seal and are not relevant to the legal issues we address in this opinion, we do not discuss them here.

cant procedural error, we must "consider the substantive rea-sonableness of the sentence imposed." *Id.*

## A. Procedural Error

## 1. Calculation of Guidelines Sentencing Range

**[1]** The first question we must answer is whether we are required to review the sentence imposed by the district court for procedural errors beyond those raised by the parties. "Yes," holds our recent decision in *United States v. Ressam*, 593 F.3d 1095 (9th Cir. 2010). As we explained in *Ressam*, "appellate courts have a *sua sponte* duty to undertake a review for procedural error even where . . . no such error is expressly asserted by the [parties]." *Id.* at 1115. In *Ressam*, the govern-ment appealed the sentence imposed by the district court on the ground the sentence was unreasonably lenient. *Id.* at 1114. In its briefs, the government asserted that the "sole issue pre-sented" was whether the defendant's sentence was "substan-tively unreasonable." *Id.* (citation omitted). Despite the gov-ernment's position that procedural error was not at issue on appeal, we proceeded to review the sentencing decision for procedural error. *Id.* at 1122-23. Thus, where a party chal-lenges the substantive reasonableness of a sentence on appeal, we "must review [the] sentencing decision[ ] for procedural error, even where no claim of procedural error is raised." *Id.* at 1116.

We begin by reviewing the district court's calculation of the Guidelines sentencing range applicable to all three counts:

**First**, the district court was required to group closely related counts. U.S.S.G. § 3D1.1(a)(1). The district court did not group sexual abuse of a minor (Count 1) and sexual exploitation of children (Count 2) because those counts did not "involve substantially the same harm"—the counts involved different victims. *See id.* § 3D1.2. Count 1 involved Evans-Martinez's sexual abuse of a minor in his custody.

Count 2 involved Evans-Martinez's sending an e-mail in which he advertised the creation of a child-pornography related e-group that contained photographs and videos of other unidentified children. The district court did group sexual exploitation of children (Count 2) with witness tampering (Count 3) because the witness tampering obstructed the investigation of the sexual exploitation offense. *See id.* § 3C1.1 cmt. n.8. We refer to the two groups as Group A, which includes only Count 1, and Group B, which includes Counts 2 and 3.

**Second**, the district court was required to calculate an offense level for each group (the "grouped offense level"). *Id.* § 3D1.1(a)(2). The grouped offense level is "the highest offense level of the counts in the Group." *Id.* § 3D1.3(a). The offense level for sexual abuse of a minor (Count 1) is 20 where, as here, the minor was in the defendant's custody at the time of the abuse. *Id.* § 2A3.2.[4] Because Count 1 was the only count in Group A, Group A's grouped offense level was 20. The offense level for sexual exploitation of children (Count 2) is 17.[5] *Id.* § 2G2.2. Witness tampering (Count 3) increases by two levels the offense level of the count with which it is grouped. *Id.* § 3C1.1. Thus, the grouped offense level for Group B is 19—an offense level of 17 for sexual exploitation of children (Count 2), plus a two-level increase for witness tampering (Count 3).

**Third,** the district court was required to calculate the "combined offense level applicable to all Groups taken together."

---

[4]The sentencing court must apply the version of the Guidelines in effect at the time of the offense if application of a later version of the Guidelines would lead to a higher punishment. *United States v. Ortland*, 109 F.3d 539, 546 (9th Cir. 1997). Here, the offense level under the current version of the Guidelines would be 22, but under the version applicable at the time of the offenses, the offense level was 20.

[5]The offense level under the current version of the Guidelines would be 22, but under the version applicable at the time of the offenses, the offense level was 17.

*Id.* § 3D1.1(a)(3). The starting point is the highest grouped offense level. *Id.* § 3D1.4. Here, Group A had the highest grouped offense level: 20. The table in section 3D1.4 requires a two-level increase where there are two groups that have grouped offense levels within four levels of one another. Here, a two-level increase applies because the grouped offense levels for Group A (20) and Group B (19) are within four levels of one another. Thus, the combined offense level is 22.

**Fourth**, to calculate the "total offense level," the district court was required to adjust Evans-Martinez's combined offense level based on acceptance of responsibility. *Id.* § 3E1.1. Because Evans-Martinez accepted responsibility for each offense, section 3E1.1(a) required a two-level downward adjustment. He was entitled to an additional one-level downward adjustment under section 3E1.1(b) because the combined offense level was 16 or greater and the government filed a motion stating he "timely notif[ied] authorities of his intention to enter a plea of guilty." A three-level downward adjustment from the combined offense level of 22 results in a total offense level of 19.

**Fifth**, the district court was required to calculate Evans-Martinez's criminal history category. *Id.* § 4A1.1. Because Evans Martinez has no prior convictions, his criminal history category is I. *Id.*

**Sixth**, the district court was required to use the Sentencing Table to calculate the Guidelines sentencing range based on the total offense level (19) and his criminal history category (I). *Id.* at Ch. 5, Pt. A. Based on the Sentencing Table, the Guidelines sentencing range is 30-37 months' imprisonment. The district court correctly calculated the Guidelines sentencing range.

However, the Guidelines sentencing range does not take into account statutory maximum or minimum sentences. Sec-

tions 5G1.1 and 5G1.2 are used to take into account statutory maximum and minimum sentences. Here, we must first apply section 5G1.2, which applies where there are multiple counts of conviction. Section 5G1.2(a)[6] does not apply because none of the counts on which Evans-Martinez was convicted mandate consecutive sentences. Section 5G1.2(b)[7] does apply, and it required the district court to apply sections 5G1.1(a) and (b) and to compare the Guidelines sentencing range of 30-37 months' imprisonment with any applicable statutory maximum or minimum sentence.

"Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." *Id.* § 5G1.1(a). Here, all of the statutorily authorized maximum sentences—160 months for sexual abuse of a minor (Count 1), 240 months for sexual exploitation of children (Count 2), and 120 months for witness tampering (Count 3)—are above the Guidelines sentencing range. Thus, section 5G1.1(a) does not affect the Guidelines sentencing range; none of the statutory maximums become a guideline sentence.

**[2]** However, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *Id.* § 5G1.1(b). Here, neither Count 1 nor Count 3 carries a statutory minimum sentence, but the statutorily required minimum sentence for sexual exploitation

---

[6]"Except as provided in subsection (e), the sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment, shall be determined by that statute and imposed independently." U.S.S.G. § 5G1.2(a).

[7]"Except as otherwise required by law (see § 5G1.1(a), (b)), the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter." U.S.S.G. § 5G1.2(b).

of children (Count 2) is 120 months' imprisonment. Thus, the guideline sentence for Count 2 is 120 months' imprisonment.

**[3]** At this point, the district court erred in its interpretation of the Guidelines. The district court used the 120-month statutorily required minimum sentence for sexual exploitation of children (Count 2) as the guideline sentence for all three counts, based on its erroneous conclusion that section 5G1.1(b) required it to use 120 months' imprisonment as the guideline sentence for all three counts.[8] However, that interpretation ignores section 5G1.2(b), which requires that the sentence for "each other count"—here, Counts 1 and 3—be determined based on the Guidelines sentencing range of 30-37 months' imprisonment. *Id.* § 5G1.2(b). Therefore, the Guidelines sentencing range for sexual abuse of a child (Count 1) is 30-37 months' imprisonment, the Guidelines sentence for sexual exploitation of children (Count 2) is 120 months' imprisonment, and the Guidelines sentencing range for witness tampering (Count 3) is 30-37 months' imprisonment.

This interpretation of sections 5G1.1 and 5G1.2 is consistent with the D.C. Circuit's interpretation of those sections. *See United States v. Kennedy*, 133 F.3d 53, 60-61 (D.C. Cir. 1998); *see also United States v. Lee*, 359 F.3d 194, 209-10 (3d Cir. 2004) ("Section 5G1.2(b) of the Guidelines instructs a court to apply the same sentence to each count in the same group, unless the statutorily authorized maximum for that count is less than the minimum of the guideline range or the statutory minimum is greater than the maximum of the guideline range.").[9] In *Kennedy*, the defendant was charged with

---

[8]Evans-Martinez contends the district court erred when it used the statutorily authorized maximum sentence of 240 months' imprisonment, instead of the applicable guideline sentence of 120 months' imprisonment, as the "starting point" for determining his sentence. Opening Br. 3. This contention lacks merit because the district court used 120 months' imprisonment as the starting point for determining Evans-Martinez's sentence.

[9]The Fifth Circuit, without analysis, reached the opposite conclusion. *United States v. Salter*, 241 F.3d 392, 395-96 (5th Cir. 2001). In *Salter*,

robbery and with being a felon in possession of a firearm. *Id.* at 60. The Guidelines sentencing range was 262-327 months' imprisonment. *Id.* at 61. However, based on a third-strike law, the robbery count carried a mandatory life sentence. *Id.* The district court imposed concurrent life sentences, and the defendant appealed. *Id.* The D.C. Circuit held the district court erred when it imposed a mandatory life sentence for the felon-in-possession count instead of using the Guidelines sentencing range of 262-327 months' imprisonment for that count. *Id.*

[4] This interpretation of sections 5G1.1 and 5G1.2 also avoids the potential for the application of section 5G1.1(a) and section 5G1.1(b) to lead to an absurd result. The potential for an absurd result would always exist if the term "guideline sentence" in sections 5G1.1(a) and (b) meant the guideline sentence applicable to *all* counts, rather than the guideline sentence applicable to *only* the count that carried the statutory maximum or minimum sentence. For example, assume the Guidelines sentencing range applicable to two counts is 15-18 months' imprisonment. If one of the counts has a mandatory minimum sentence of 24 months' imprisonment, the guideline sentence would be 24 months' imprisonment, pursuant to section 5G1.1(b). But if the other count has a mandatory maximum of 12 months' imprisonment, the guideline sentence

---

the defendant was convicted of money laundering and conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. *Id.* at 393. The district court imposed concurrent sentences of 130 months' imprisonment. *Id.* at 394. The Fifth Circuit held the district court erred when it failed to group the two counts. *Id.* at 395. Had the district court grouped the counts, the Guidelines sentencing range would have been 87-108 months' imprisonment. *Id.* The Fifth Circuit explained the district court should have imposed concurrent sentences of 120 months' imprisonment—the statutory minimum sentence for the marijuana count. *Id.* at 396. But the Fifth Circuit did not explain why the 120-month minimum sentence for the marijuana count should have applied to the money laundering count. Absent analysis or explanation, we find the case unpersuasive.

would be 12 months' imprisonment, pursuant to section 5G1.1(a). Two different guideline sentences would apply to each count: 24 months' and 12 months' imprisonment. This is an absurd result. To avoid this result, it is necessary to interpret "guideline sentence" as the guideline sentence applicable to *only* the count that carries the mandatory maximum or minimum sentence. Thus, in the preceding example, the count with a mandatory maximum of 12 months' imprisonment would have a guideline sentence of 12 months' imprisonment, and the count with a mandatory minimum of 24 months' imprisonment would have a guideline sentence of 24 months' imprisonment.

*Ressam* was silent as to the standard of review we must apply once we fulfill our *sua sponte* duty to review the sentence imposed by the district court for procedural error. Where, as here, a party fails to raise an issue before the district court, plain error review generally applies. *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008). "However, we are not limited to this standard of review when we are presented with a question that 'is purely one of law' and where 'the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court . . . .' " *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009) (quoting *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267-68 (9th Cir. 2001)). Here, we are presented with a question that "is purely one of law"—the interpretation of the Guidelines. *Echavarria-Escobar*, 270 F.3d at 1268. Further, the government is not prejudiced by our requirement that the district court correctly calculate the Guidelines sentencing range before it imposes a sentence, even though Evans-Martinez did not raise the issue below. Therefore, we do not apply plain error review.

**[5]** Because the district court committed procedural error when it used 120 months' imprisonment as the Guidelines sentence for all three counts, we vacate and remand the sentences for sexual abuse of a child (Count 1) and witness tam-

pering (Count 3) to allow the district court to impose sentences based on the correct Guidelines sentencing range of 30-37 months' imprisonment.[10]

## 2. Failure to Announce the Extent of the Departure

**[6]** The district court did not err when it granted the government's motion for a downward departure but failed to announce the extent of that departure and to calculate a new Guidelines sentencing range before it considered the 18 U.S.C. § 3553(a) sentencing factors and imposed an above-Guidelines sentence. A district court may, upon the government's motion, depart below the statutorily required minimum sentence, 18 U.S.C. § 3553(e),[11] and below the Guidelines sentencing range, U.S.S.G. § 5K1.1,[12] when a defendant renders substantial assistance to authorities. A district court's decision to grant such a motion does not bind the court either to begin at the sentence recommended by the government or to stay at the level recommended by the government. *See United States v. Hanna*, 49 F.3d 572, 576 (9th Cir. 1995) ("The extent of [the defendant's] assistance and its impact on the sentence are matters left within the sound discretion of the sentencing judge." (citation omitted)). Here, the district court granted the government's motion for a downward departure

---

[10]The 160-month sentence imposed by the district court for witness tampering (Count 3) also exceeded the 120-month statutorily authorized maximum sentence for that count. *See* 18 U.S.C. § 1512(b) (2003). On remand, the district court shall resentence Evans-Martinez in conformity with the statutorily authorized maximum sentence.

[11]Section 3553(e) states: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

[12]Section 5K1.1 states: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

and acknowledged that the departure "relieve[d] the Court of the ten-year mandatory minimum sentence." The district court then considered the § 3553(a) factors and imposed a sentence without first announcing the extent of the downward departure or calculating a new Guidelines sentencing range.

Evans-Martinez contends the district court's failure to announce the extent of the downward departure or to calculate a new Guidelines sentencing range interferes with our ability to review the sentence imposed by the district court for substantive reasonableness because, on review, we must compare the sentence imposed with the correctly calculated Guidelines sentencing range. He contends the relevant Guidelines sentencing range is the post-departure Guidelines sentencing range. But it is the pre-departure Guidelines sentencing range that the district court must correctly calculate and that we must use when we review a sentence for substantive reasonableness. *See United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006) ("[W]e elect to review the district court's application of the advisory sentencing guidelines only insofar as they do not involve departures."); *see also United States v. Tankersley*, 537 F.3d 1100, 1114 n.11 (9th Cir. 2008) (holding *Mohamed* is still good law).[13]

We used the pre-departure sentence for comparison because we held that *United States v. Booker*, 543 U.S. 220 (2005), essentially replaced "the scheme of downward and upward 'departures' " with "the requirement that judges

---

[13]In *Mohamed*, the district court calculated a Guidelines sentencing range of 12-18 months' imprisonment. 459 F.3d at 983. The district court then applied an eight-level upward departure, which resulted in a post-departure Guidelines sentencing range of 37-46 months' imprisonment. *Id.* Finally, the district court considered the § 3553(a) factors and imposed a sentence of 60 months' imprisonment. *Id.* On review for substantive reasonableness, we compared the 60-month sentence imposed by the district court with the 12-18 month *pre*-departure Guidelines sentencing range, not with the 37-46 month *post*-departure Guidelines sentencing range. *Id.* at 988.

impose a 'reasonable' sentence." *Mohamed*, 459 F.3d at 986. We concluded it would be "redundant" to require "two exercises—one to calculate what departure would be allowable under the old mandatory scheme and then to go through much the same exercise to arrive at a reasonable sentence." *Id.* at 986. Therefore, based on our holding in *Mohamed*, we reject Evans-Martinez's contention that a district court cannot simultaneously consider—or, in his words, "toggl[e] back and forth between"—any relevant departures and the § 3553(a) sentencing factors when it considers whether to impose an above- or below-Guidelines sentence.

**[7]** Here, the only relevant figures for purposes of our substantive reasonableness analysis are the pre-departure Guidelines sentence for sexual exploitation of children (Count 2)—120 months' imprisonment—and the sentence the district court imposed for that count after it considered the relevant departures and the § 3553(a) sentencing factors—160 months' imprisonment.[14] We can use these figures to calculate the extent to which the sentence imposed by the district court deviated from the Guidelines sentence: 40 months or a 33% upward deviation.[15] Thus, the district court's failure to announce the extent of the upward departure, and then to calculate a new Guidelines sentencing range, does not interfere with our ability to consider the extent of the district court's upward deviation when we review the sentence for substantive reasonableness.

Some of the language in our decision in *United States v. Jackson*, 577 F.3d 1032 (9th Cir. 2009), is in tension with our decisions in *Mohamed* and *Tankersley*. In *Jackson*, we stated:

---

[14]We discuss only the sentence for sexual exploitation of children (Count 2) because we vacate and remand the sentences for sexual abuse of a child (Count 1) and for witness tampering (Count 3) on other grounds.

[15]We use the term "deviation" to describe the extent to which the sentence imposed reflects an upward or downward departure, variance, or combination thereof from the Guidelines sentencing range.

"[O]nly after the court has determined the full extent of the downward departure it would award based on [the defendant's] substantial assistance does the court consider other factors, including those in § 3553(a), to decide whether to depart to that full extent." 577 F.3d at 1036 (citation omitted). However, in *Jackson*, unlike the instant case, the district court imposed a sentence *below* the statutorily required minimum sentence. *Id.* A district court has authority to impose a sentence below a statutory minimum based on a defendant's substantial assistance to authorities. *See* 18 U.S.C. § 3553(e). But a district court lacks authority to impose a sentence below the statutorily required minimum sentence based on the § 3553(a) sentencing factors. *See Jackson*, 577 F.3d at 1036. Thus, in *Jackson*, the district court was required to announce the extent of the downward departure under § 3553(e) before it considered the § 3553(a) sentencing factors; otherwise, we would have been unable to determine whether the district court relied on the § 3553(a) factors when it imposed a sentence below the statutory minimum. *See id.*

*Jackson* does not control the outcome here. The district court did not impose a sentence below the mandatory minimum, so it is clear the district court did not rely on the § 3553(a) factors to impose a sentence below the statutorily required minimum. Further, *Jackson* does not undermine *Mohamed*'s holding that the district court commits procedural error only if it fails correctly to calculate the pre-departure Guidelines sentencing range. *See Mohamed*, 459 F.3d at 987.

## B.   Remand

Evans-Martinez contends we are required to remand all three sentences for resentencing because the sentences were part of one "sentencing package" that will become "unbundled" if we remand any one of the sentences. Appellant's Opening Br. 61. As support for that rule, Evans-Martinez cites *United States v. Radmall*, 340 F.3d 798 (9th Cir. 2003). In *Radmall*, the defendant pleaded guilty to mail fraud, bank

fraud, and perjury. *Id.* at 799. The district court sentenced the defendant to three concurrent terms of imprisonment: 42 months for mail fraud, 12 months for bank fraud, and 12 months for perjury. *Id.* This court reversed his conviction for mail fraud and remanded the bank fraud and perjury convictions for resentencing. *Id.* at 799-800. On remand, the district court sentenced the defendant to 42 months' imprisonment for bank fraud and 12 months' imprisonment for perjury. *Id.* The defendant appealed and contended the district court violated the double jeopardy clause of the Fifth Amendment when it increased his sentence for bank fraud from 12 to 42 months' imprisonment on resentencing. *Id.* at 800.

We affirmed because the defendant had no "legitimate expectation of finality" in his original sentence at the point he appealed his conviction and sentence for mail fraud. *Id.* at 801. As we explained, "[t]he district court was entitled to put together a wholly new sentence, even for the counts concerning which there had been no error." *Id.* at 801. Evans-Martinez interprets our statement as requiring that we vacate and remand *all* of his sentences if we vacate *any* of his sentences.

**[8]** But Evans-Martinez misinterprets *Radmall*, which held a district court *may* resentence a defendant on each count remanded by the appellate court, even if the district court had made no error with respect to a particular count. That holding describes the district court's authority—the power to resentence on remand. It also describes our authority—the power to vacate all of the sentences imposed by a district court when the district court erred with respect to one of the sentences. However, this rule is phrased in the *permissive*; it is not a *requirement* that we vacate all of the sentences imposed. So here, we have discretion to remand only the sentences for sexual abuse of a child (Count 1) and witness tampering (Count 3) or to remand all three sentences.

**[9]** We explained in *Radmall* that when a district court imposes multiple sentences on a defendant, "the degree to which each offense contributes to the total sentence is usually affected by the other offenses of conviction." *Id.* at 801. Thus, remand of all sentences is often warranted. But here, the Guidelines sentence for exploitation of children (Count 2) will remain 120 months' imprisonment on remand. Further, the district court will still be able to consider all of the facts it considered when it originally imposed an above-Guidelines sentence of 160-months' imprisonment. There is no reason to expect the district court would impose a lower sentence on remand. Indeed, given the statements made by the district court at the sentencing hearing, it is clear the district court would impose the same sentence on remand.[16] Therefore, we do not vacate and remand the sentence for exploitation of children (Count 2), even though we vacate and remand the sentences for the other two counts.

**[10]** Evans-Martinez asks that we reassign the case to a different district judge on remand because the district judge suggested at the sentencing hearing that, if the case were remanded, it should be remanded to a different judge. The district judge based his suggestion on the fact that he did not "believe in good conscience . . . [he] could impose a different sentence upon the defendant." Because we affirm the sentence imposed by the district court for sexual exploitation of children (Count 2), Evans-Martinez remains subject to a 160-month sentence. Thus, we do not believe remand to a different district judge is necessary. The district judge may, however, recuse himself if he does not believe Evans-Martinez would receive a fair hearing on remand.

---

[16]The district court stated: "I do not believe in good conscience, having looked at all of the factors as carefully as I have and having made a reasoned judgment as I believe I have in this case, that I could impose a different sentence upon the defendant in good conscience upon resentencing."

## III.   Conclusion

**[11]** We hold the district court committed procedural error when it used the statutorily required minimum sentence for sexual exploitation of children (Count 2) as the Guidelines sentence for all three counts. We vacate and remand the sentences for sexual abuse of a child (Count 1) and witness tampering (Count 3) to the district court for resentencing based on the correctly calculated Guidelines sentencing range of 30-37 months' imprisonment. We hold the district court also committed procedural error when it imposed a sentence that exceeded the statutorily authorized maximum sentence for witness tampering (Count 3). On remand, the sentence the district court imposes for witness tampering (Count 3) cannot exceed the statutorily authorized maximum sentence. Finally, we hold the district court correctly calculated the Guidelines sentence for sexual exploitation of children (Count 2). In a memorandum disposition filed concurrently with this opinion, we affirm the 160-month sentence imposed by the district court because that sentence is substantively reasonable.

**AFFIRMED in part; VACATED and REMANDED in part.**