FILED

NOT FOR PUBLICATION

DEC 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50180 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04488-GT |
| v. | |
| ADRIAN WALDO-RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Submitted December 19, 2011[**]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Adrian Waldo-Ramirez appeals from the 21-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Waldo-Ramirez first contends that the district court erred in calculating the applicable Guidelines range in that it improperly denied a downward departure for cultural assimilation. This argument fails because "it is the *pre-departure* Guidelines sentencing range that the district court must correctly calculate." *United States v. Evans-Martinez*, 611 F.3d 635, 643 (9th Cir. 2010) (emphasis added). In any event, in light of Waldo-Ramirez's criminal history, the court did not err in denying the departure. *See* U.S.S.G. § 2L1.2 cmt. n.8.

Waldo-Ramirez next contends that his sentence is substantively unreasonable in view of his cultural assimilation. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Waldo-Ramirez's within-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 770 (9th Cir. 2006).

**AFFIRMED.**