**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30206 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00120-RMP |
| v. | |
| TOMAS RODRIGUEZ-VERDUZCO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief Judge, Presiding

Argued and Submitted June 7, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and KOBAYASHI,
District Judge.[**]

Defendant Tomas Rodriguez-Verduzco ("Rodriguez") appeals his sentence

of thirty-seven months of imprisonment for Count One: conspiracy to manufacture

marijuana of 1,000 or more plants and Count Three: destruction of government

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

property.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Rodriguez challenges the district court's denial of his request for additional funding under the Criminal Justice Act ("CJA") for neuropsychological evaluations beyond those that the district initially approved.  This court reviews for an abuse of discretion a district court's denial of a request for funding for expert services pursuant to 18 U.S.C. § 3006A(e)(1).  United States v. Reed, 575 F.3d 900, 918 (9th Cir. 2009).  This court applies a clearly erroneous standard of review to the district court's findings of fact.  United States v. McEnry, 659 F.3d 893, 896 (9th Cir. 2011).

In order to prevail on an appeal of the district court's denial of funds for expert services, the appellant "must show by clear and convincing evidence that (1) a reasonably competent counsel would have required the assistance of the requested expert for a paying client, and (2) he was prejudiced by the lack of expert assistance."  Reed, 575 F.3d at 918 (citation and internal quotation marks omitted).  The district court found that the declarations by A.M. Llorente, Ph.D., and Monica Delgado, Ph.D., did not support an award beyond the $2,400 per expert that the district court previously authorized pursuant to 18 U.S.C. § 3006A(e)(3).  This finding was not clearly erroneous.  In support of the doctors' opinions that Rodriguez *may* have a cognitive impairment that would be relevant to sentencing,

2

Dr. Llorente's and Dr. Delgado's declarations contained only generalized reasons which could apply to many different defendants. Further, the district court presided over a contested sentencing hearing lasting four days and, in determining Rodriguez's sentence, the district court specifically commented on some of the factors that Drs. Llorente and Delgado addressed, including Rodriguez's youth, limited education, and limited life experience. Rodriguez has failed to established by clear and convincing evidence that a reasonably competent counsel would have required Drs. Llorente and Delgado's additional assistance for a paying client, or that he was prejudiced by the lack of their additional services. We therefore hold that the district court did not abuse its discretion when it denied Rodriguez's CJA request for additional expert services.

Second, Rodriguez argues that the district court committed reversible procedural error by failing to address the mitigating factors that he raised and his individual circumstances. Insofar as Rodriguez failed to object to these issues during the sentencing hearing, the plain error standard of review applies. See United States v. Grant, 664 F.3d 276, 279 & n.2 (9th Cir. 2011). A district court determining what sentence to impose upon a defendant is not required to "tick off each of the [18 U.S.C.] § 3553(a) factors to show that it has considered them." United States v. Ellis, 641 F.3d 411, 422 (9th Cir. 2011) (citation and quotation

3

marks omitted). Nor was the district court required to give a lengthy explanation for Rodriguez's sentence because it was within the range provided in the United States Sentencing Guidelines ("USSG"). See United States v. Valencia-Barragan, 608 F.3d 1103, 1108 (9th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), *cert. denied*, 131 S. Ct. 539 (2010). As previously noted, the district court specifically discussed some of the mitigating factors that Rodriguez relied upon. That Rodriguez's co-defendant shared these factors does not establish that the district court failed to consider Rodriguez's individual circumstances and arguments. We therefore reject Rodriguez's argument that the district court committed plain error by failing to address his mitigation arguments and individual circumstances.

Third, Rodriguez argues that the district court committed a reversible procedural error by sentencing him to thirty-seven months of imprisonment each for Count 1 and Count 3 because Count 3 had a significantly lower sentencing range under the USSG. The district court, however, calculated a combined adjusted offense level for Count 1 and Count 3, and this calculation was consistent with the procedures described in United States v. Evans-Martinez, 611 F.3d 635, 639-40 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 956 (2011), and with the applicable sections of the USSG, §§ 3D1.1, 3D1.2, 3D1.3, and 3D1.4. We therefore hold that

4

there was no procedural error.

Finally, Rodriguez argues that the imposition of a thirty-seven-month sentence for both Count 1 and Count 3 was substantively unreasonable. For the reasons set forth with respect to Rodriguez's first three arguments, we also hold that, based on the totality of the circumstances in this case, Rodriguez's sentence was sufficient, and not greater than necessary, to accomplish the sentencing goals of § 3553(a)(2). See United States v. Ruiz-Apolonio, 657 F.3d 907, 911 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1614 (2012).

Accordingly, we **AFFIRM** Rodriguez's sentence and the district court's denial of additional expert funding.