FILED

MAY 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK EDWARD PARKER,

Defendant - Appellant.

No. 11-10247

D.C. No. 2:06-cr-00479-MCE-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Argued and Submitted April 18, 2013[*]
San Francisco, California

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Defendant-Appellant Mark Parker was convicted of three drug-related

offenses under 21 U.S.C. §§ 841 and 846: (1) conspiracy to distribute at least 50

grams of crack cocaine; (2) distribution of at least 5 grams of crack cocaine; and

(3) possession with intent to distribute at least 50 grams of crack cocaine. Parker

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

appeals his convictions and sentences. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and now affirm.

First, Parker argues that the district court erroneously advised the jury to disregard Mark Dixon's incentive to testify against Parker. This misreads the judge's instruction. The judge actually instructed the jury not to contemplate the sentence that Parker might receive when determining his guilt. There was no error in that instruction.

Second, Parker argues that the court allowed testimony protected under the marital communications privilege and allowed impermissible hearsay testimony by Parker's ex-wife. Parker is correct that the joint criminal activity exception does not apply because the prosecution failed to demonstrate the ex-wife's involvement in Parker's criminal activity. However, while the district court erred in allowing the ex-wife's testimony, the error was harmless. Parker's ex-wife still testified to personal knowledge of Parker's purchasing and manufacturing of crack cocaine, and testified that she knew Parker was a drug dealer. Furthermore, Dixon testified that he had observed Parker manufacturing crack cocaine, purchased crack cocaine from Parker, and purchased crack cocaine from an intermediary that Parker sent to deliver the drugs. Additionally, Parker was arrested with 67.5 grams of crack cocaine divided into small quantities and $1,159 in denominations consistent with

selling crack cocaine. In light of this independent evidence to convict Parker, the court's error was harmless. *United States v. Chu Chong Yin*, 935 F.2d 990, 994 (9th Cir. 1991) ("A nonconstitutional evidentiary error will be reversed for abuse of discretion only if the court's ruling more likely than not affected the verdict.").

Third, Parker argues that there was insufficient evidence for the jury to convict on the conspiracy count. Viewing the evidence in the light most favorable to the prosecution, especially the quantity and regularity of crack cocaine sales, a rational jury could have found Parker guilty on the conspiracy count. *United States v. Montgomery*, 150 F.3d 983, 1002 (9th Cir. 1998).

With regard to sentencing, Parker first argues that the court failed to comply with Federal Rule of Criminal Procedure 32. Federal Rule of Criminal Procedure 32 requires only that the court "rule on the dispute." Here, the court ruled on the dispute by accepting the facts in the PSR. Therefore, the court complied with the rule. *See United States v. Doe*, 488 F.3d 1154, 1158 (9th Cir. 2007) ("[T]he rule is complied with where the district court expressly adopts the position of either party to the dispute" even if "no specific factual finding [is] made.").

Next, Parker argues that the court should have used the Fair Sentencing Act when calculating his mandatory minimum sentence. Parker is correct. In *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court held that "the

Fair Sentencing Act's new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders." However, the error was harmless. The pre-and post-Act minimums were below the lowest sentence in the Guidelines range, and thus the court was obligated to sentence "based on the Guidelines sentencing range." *United States v. Evans-Martinez*, 611 F.3d 635, 637 (9th Cir. 2010). The court, in fact, based the sentence on the Guidelines range.

Parker also argues that the court should have used a 1:1 crack-to-powder cocaine ratio. However, the court did not abuse its discretion when it found no reason to depart from the 18:1 ratio under the Fair Sentencing Act. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

Parker is correct that the district court miscalculated the amount of crack cocaine attributable to him. The court included time between 1999 and 2000 when Parker could not have sold Dixon crack cocaine. The court also did not account for Dixon's three crack cocaine suppliers from 1999 to 2000. However, the record supports the court's conclusion that Parker distributed more than 2.8 kilograms of crack cocaine during the relevant time periods. Under a new calculation, Parker's base offense level and Guidelines range remain unchanged, thus the errors were harmless. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) (holding

that an error is harmless if there is no evidence that the errors "if changed, would result in a shorter sentence").

Finally, Parker argues that the court improperly added enhancements to his sentencing level. The enhancement for Parker's leadership role under U.S.S.G. § 3B1.1(c) is supported by Parker's role in distributing crack cocaine to Dixon, having an accomplice deliver crack cocaine, and manufacturing crack cocaine. While Parker is correct that the court erred in retroactively applying U.S.S.G. § 2D1.1(b)(14)(E), "committ[ing] the offense as part of a pattern of criminal conduct engaged in as a livelihood," the two-level increase did not change his Guidelines range and was again harmless error.

**AFFIRMED.**