**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50469 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00911-LAB |
| v. | |
| JULIO ZAMUDIO-DIMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Julio Zamudio-Dimas appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Zamudio-Dimas contends that the district court failed to use the correctly calculated Guidelines range as an initial benchmark at sentencing because it failed to grant a fast-track departure under U.S.S.G. § 5K3.1. We disagree. Departures are not part of the Guidelines calculation, and we do not review the procedural correctness of the denial of a requested departure. *See United States v. Evans-Martinez*, 611 F.3d 635, 643 (9th Cir. 2010) ("[I]t is the pre-departure Guidelines sentencing range that the district court must correctly calculate."); *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011) ("In analyzing challenges to a court's upward and downward departures . . . under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness."). The district court satisfied its procedural obligations by correctly calculating the Guidelines range without the fast-track departure.

Zamudio-Dimas also contends that the district court imposed a substantively unreasonable sentence because it did not grant the fast-track departure. The district court did not abuse its discretion in imposing Zamudio-Dimas's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence, in the middle of the Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Zamudio-Dimas's extensive history of immigration violations. *See id*.

**AFFIRMED.**