**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50069 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03519-BEN |
| v. | |
| FABIAN SANTILLAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Fabian Santillan appeals from the district court's judgment and challenges the 16-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Santillan contends that the district court erred by refusing to grant the government's motion for a recommended fast-track departure under U.S.S.G. § 5K3.1. "In analyzing challenges to a court's upward and downward departures . . . under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness." *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). The 16-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Santillan's criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Santillan also contends that the district court failed to use the correctly calculated Guidelines as a starting point because it had already arrived at its preferred sentence before calculating the Guidelines range. We review for harmless error, *see United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 & n.5 (9th Cir. 2011) (per curiam), and we find no error. The record reflects that the district court used the correctly calculated Guidelines as its starting point when determining the sentence. *See United States v. Evans-Martinez*, 611 F.3d 635, 643 (9th Cir. 2010) ("[I]t is the pre-departure Guidelines sentencing range that the district court must correctly calculate.").

**AFFIRMED.**