FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10686 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00112-LRH-VPC-1 |
| v. | |
| MATTHIAS HADDOCK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 20, 2014
San Francisco, California

Before:  BERZON and RAWLINSON, Circuit Judges, and BUCKLO, Senior
District Judge.[**]

Matthias Haddock (Haddock) appeals the district court's sentence of 210

months' imprisonment premised on Haddock's guilty plea to one count of receipt

of child pornography in violation of 18 U.S.C. § 2252A(a)(2).  Haddock contends

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Elaine E. Bucklo, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

that the district court erred in increasing his base offense level pursuant to U.S.S.G. § 2G2.2(b)(5) due to Haddock's "pattern of activity involving the sexual abuse or exploitation of a minor." Haddock also asserts that the district court erred in imposing the mandatory minimum sentence under 18 U.S.C. § 2252A(b)(1) and in admitting the oral and written statements of Haddock's daughter concerning Haddock's sexual abuse.

The district court's finding that Haddock "engaged in two or more instances of sexual abuse" of his daughter was not clearly erroneous, as it sufficiently considered the documents submitted by Haddock. The district court thus properly applied U.S.S.G. § 2G2.2(b)(5) based on the preponderance of the evidence related to Haddock's molestation of his daughter. *See United States v. Williamson*, 439 F.3d 1125, 1140 (9th Cir. 2006) (holding that the district court may consider uncharged conduct in ascertaining whether U.S.S.G. § 2G2.2 applies).

We need not and do not address Haddock's challenge to the district court's ruling that his state conviction qualified as a predicate offense under 18 U.S.C. § 2252A(b)(1). The district court correctly calculated a sentencing guidelines range of 188 to 235 months' imprisonment and articulated that it would have sentenced Haddock to 210 months' imprisonment irrespective of the mandatory minimum sentence. *See United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010).

2

The district court did not abuse its discretion in admitting the oral and written statements of Haddock's daughter at the final sentencing hearing. *See United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013) (articulating that "a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come") (citation omitted).

**AFFIRMED.**