FILED

NOT FOR PUBLICATION

OCT 03 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CASEY CONLEY,

Defendant-Appellant.

No.    15-50347

D.C. No.  3:14-cr-01464-BEN

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Casey Conley appeals from the district court's judgment and challenges the

180-month sentence imposed following his guilty-plea conviction for possession of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Conley contends that the district court erred by failing to consider the parties' recommendation for a three-level, fast track departure pursuant to U.S.S.G. § 5K3.1, and by denying the government's recommendation for a six-level departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The record reflects that the district court considered both the fast track and substantial assistance recommendations, and determined that a total one-level reduction was appropriate. *See United States v. Evans-Martinez*, 611 F.3d 635, 643 (9th Cir. 2010) ("A district court's decision to grant [a substantial assistance] motion does not bind the court . . . to stay at the level recommended by the government.").

To the extent Conley challenges the district court's discretionary decisions regarding the fast track and substantial assistance departures, our review is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). The district court did not abuse its discretion in imposing Conley's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Conley's extensive criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

15-50347