NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50177 |
| Plaintiff-Appellee, | D.C. No. 2:97-cr-00468-SVW-1 |
| v. | |
| EDWARD EVEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 6, 2020[**]
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and MELGREN,[***] District Judge.

Following two jury trials in 1998, Edward Evey was convicted of one count

of attempted arson in violation of 18 U.S.C. § 844(i) and one count of using a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

destructive device during a crime of violence—attempted arson—in violation of 18 U.S.C. § 924(c). He was also convicted of one count of being a felon in possession of a firearm, one count of possession of a firearm with an obliterated serial number, and one count of possession of an unregistered firearm, in violation of 18 U.S.C. § 922(g), § 922(k), and 26 U.S.C. § 5861(d), respectively. He was sentenced to 140 months' imprisonment on each of the three firearm counts and the attempted arson count, to be served concurrently. The district court additionally imposed a 360-month mandatory term of imprisonment under 18 U.S.C. § 924(c), to be served consecutive to Evey's other sentences.

The district court vacated Evey's § 924(c) conviction in 2018 following the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Evey v. United States*, No. 2:16-cv-08900-SVW, 2018 WL 6133407, at *9 (C.D. Cal. May 10, 2018). At a resentencing hearing on the remaining four counts, the district court sentenced Evey to thirty years' imprisonment and three years' supervised release. Evey now appeals that sentence. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C § 1291, and we vacate Evey's sentence and remand to the district court for a full resentencing.

1.    Evey contends that the district court exceeded its authority by issuing a sentence greater than the statutory maximum for a violation of § 844(i).

2

Although neither the sentencing transcript nor judgment indicate for which count (or counts) the district court intended to impose the sentence, the government agrees the thirty-year term applies only to Evey's attempted arson conviction. However, a conviction for attempted arson carries a maximum imprisonment term of twenty years. 18 U.S.C. § 844(i) (1994). Although Evey did not object at sentencing, the government now concedes that the district court committed plain error by imposing a sentence exceeding the twenty-year statutory maximum. *United States v. Lomow*, 266 F.3d 1013, 1022 (9th Cir. 2001), *superseded by statute in part as recognized by United States v. McEnry*, 659 F.3d 893, 899 n.8 (9th Cir. 2011).

The government, however, requests that we remand the matter to the district court for the limited purpose of reapportioning the thirty-year sentence to run consecutively across the multiple counts of conviction. We decline to do so. When we vacate one sentence of a multi-sentence package, the "remand of all sentences is often warranted." *United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010). Although the government insists that the district court clearly intended to impose consecutive sentences, we find no support in the record for that assumption. Thus, we cannot conclude that "it is clear the district court would impose the same [cumulative] sentence on remand." *Id.* at 645. Accordingly, we vacate Evey's sentence in its entirety and remand for the district court to conduct

3

resentencing anew.

Evey advances additional arguments on appeal. He maintains that the district court miscalculated his advisory range under the Sentencing Guidelines, that the district court failed to adequately explain its above-Guidelines sentence, and that the district court imposed a substantively unreasonable sentence. We do not address these arguments because we remand for a full resentencing.[1]

2.      Evey also requests that we reassign his case to a different district court judge for resentencing. Only "unusual circumstances" warrant reassignment. *United States v. Paul*, 561 F.3d 970, 975 (9th Cir. 2009) (quoting *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir. 1979)). We consider several factors to determine whether such circumstances exist, including:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* After reviewing the record, we conclude that these factors do not weigh in favor of reassignment. Accordingly, we deny Evey's request.

**VACATED and REMANDED.**

---

[1] Although we do not reach the issue, we note the parties agree that the district court imposed terms of supervised release deemed unconstitutional by this court in *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018).