**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID CHRISTOPHER NOBLE,

Defendant-Appellant,

No. 24-2723

D.C. No. 6:23-cr-00181-MC-1

MEMORANDUM[*]

On Appeal from the United States District Court
for the District of Oregon
Hon. Michael J. McShane, presiding

Argued and Submitted June 9, 2025
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Defendant-Appellant David Christopher Noble appeals the 48-month sentence imposed following his guilty plea to Conspiracy to Engage in Animal Crushing and to Create and Distribute Animal Crush Videos in violation of 18 U.S.C. §§ 371, 48 after Noble administered an online group dedicated to the torture, sadistic mutilation, and killing of adult and juvenile macaques, a species of monkey.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Noble challenges his sentence on two grounds. First, Noble argues that the district court procedurally erred in departing upward in violation of Federal Rule of Criminal Procedure 32(h), which requires that, "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h). Second, Noble argues that the district court substantively erred because the upward departure—a six-level enhancement based on the United States Sentencing Commission's Departure Policy Statement Section 5K2.8 for conduct "unusually heinous, cruel, brutal, or degrading to the victim"—was improper since the term "victim" is exclusive to humans. U.S. Sent'g Guidelines Manual § 5K2.8 (U.S. Sent'g Comm'n 2023) (hereinafter "U.S.S.G.").

We have jurisdiction to review the district court's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Since Noble failed to object at sentencing to the court's act of departing and the court's use of Section 5K2.8 as the basis for departure, we review both of Noble's challenges for plain error. *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010) (citation omitted). Under this standard, Noble must show that the district court committed (1) an error, which is (2) "clear or obvious," and that (3) affected Noble's "substantial rights" by "affect[ing] the outcome of the district court proceedings." *Puckett v. United States*,

2                                                    24-2723

556 U.S. 129, 135 (2009) (citations omitted). But even if Noble makes that showing, we should only exercise our discretion to reverse the sentence if we believe that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (citations omitted). "Meeting all four prongs is difficult, as it should be." *Id.* (internal quotation marks and citation omitted). We hold that neither of Noble's challenges warrants reversal.

1. While the district court erred in failing to provide "reasonable notice" of the "ground" for departure in compliance with Federal Rule of Criminal Procedure 32(h), that error did not affect Noble's "substantial rights," and so the plain error standard is not met. *Id.* The arguments that Noble claims he would have made had he received proper notice of the court's intent to depart under Section 5K2.8 are not the same as those he made in his sentencing memoranda and at sentencing regarding other Guidelines that were at issue. However, even if Noble had made his Section 5K2.8-specific arguments, the sentencing transcript makes clear that there is no "reasonable probability" that the court would have imposed a lower sentence. *United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023).

The first argument that Noble claims he would have made is that Section 5K2.8 is exclusive to humans because: (1) the text of Section 5K2.8 contains no mention of animals, and so animals should not be read into it; (2) the text instead only references a "victim," which the Guidelines and the law generally use to refer

 

to a human; and (3) assuming "victim" in the context of Section 5K2.8 means a human, under the series-qualifier canon of statutory interpretation, "victim" modifies the text that precedes it and, thus, there must be a human victim subject to the defendant's "unusually heinous, cruel, [or] brutal" conduct (quoting U.S.S.G. § 5K2.8).

As explained below, this argument does not foreclose Section 5K2.8 from applying to a defendant's "unusually heinous, cruel, [or] brutal" conduct toward animals in certain circumstances, like Noble's animal cruelty. U.S.S.G. § 5K2.8. The sentencing transcript shows that the district court agreed. The court reasoned that Section 5K2.8 applied because Noble's conduct was "extreme" and that the animals subject to that conduct (i.e., the victims of that conduct) experienced "prolonged and extreme pain." Thus, there is no "reasonable probability" that Noble's argument would have changed the sentencing outcome. *Michell*, 65 F.4th at 414.

The next argument that Noble claims he would have made is that the Section 5K2.8 departure double-counts the torturous nature of Noble's conduct because the district court already imposed Section 2G3.1(b)(4), a four-level enhancement "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G3.1(b)(4). Double counting is generally impermissible when "one part of the Guidelines is applied to increase a defendant's

punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993). However, a court may depart from the Guidelines in exceptional cases "even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range." U.S.S.G. § 5K2.0(a)(3). Here, the sentencing transcript makes clear that the court's primary concern was issuing a sufficiently high sentence precisely *because* the court believed that this case was exceptional. Thus, there is no "reasonable probability" that Noble's argument would have changed the sentencing outcome. *Michell*, 65 F.4th at 414.

The final argument that Noble claims he would have made is that the departure places him out of step with similarly situated defendants since none have received sentences with a Section 5K2.8-based departure. But the district court already considered the crux of this argument and rejected it. Noble argued in his sentencing memoranda that similarly situated defendants received approximately 12 months imprisonment, whereas the PSR and Government's recommendations would impose a considerably higher sentence. Then, at sentencing, Noble argued this point in direct response to the court's statement that it was considering departing upward. In rejecting this argument, the court stated that Noble's conduct was "the most calculated cruelty" that the judge had "ever seen in [his] entire career" and was not

swayed by the fact that similarly situated defendants received lower sentences. Thus, there is no "reasonable probability" that this argument would have changed the sentencing outcome. *Michell*, 65 F.4th at 414.

2. The district court did not substantively err by basing its upward departure on Section 5K2.8, because as we read the language, the policy statement can apply to a defendant's "unusually heinous, cruel, [or] brutal" conduct toward animals in certain circumstances, like Noble's animal cruelty. U.S.S.G. § 5K2.8. While the text of Section 5K2.8 does not mention animals, the text also does not contain limiting language to exclude animals. Nor does the policy statement define "victim." Moreover, we have already held that Section 5K2.8 does not apply exclusively to conduct committed against a traditional human victim. *See United States v. Quintero*, 21 F.3d 885, 888–89 (9th Cir. 1994) (holding that Section 5K2.8 applied to mutilation of a human corpse). Applying a common-sense reading to Section 5K2.8 in the context of animal cruelty, the "victim[s]" were the animals subject to Noble's "unusually heinous, cruel, [or] brutal" conduct. U.S.S.G. § 5K2.8.

**AFFIRMED.**